UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

**CIV-ZLOCH**

CASE NO. **00-6017**

[On removal from the Circuit Court of the
Seventeenth Judicial Circuit in and for Broward
County, Florida, Case No. 99-3785-CACE-07]

CHERL SEARS,                         )
                                     )
            Plaintiff,               )
                                     )
v.                                   )                    **NIGHT BOX**
                                     )                    **FILED**
THE SCHOOL BOARD OF BROWARD          )
COUNTY, FLORIDA,                     )             'JAN   5 2000
                                     )
            Defendant.               )          CLARENCE MADDOX
_____)        CLERK, USDC / SDFL / FTL

## DEFENDANT'S PETITION FOR REMOVAL

Defendant, THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, through its

counsel, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., files this petition

to remove from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County a

proceeding entitled "Cherl Sears, Plaintiff v. The School Board of Broward County, Florida,

Defendant" and assigned Case No. 99-3785-CACE-07 and, in accordance with 28 U.S.C. §§ 1441

and 1446, respectfully shows the Court the following:

1.      This action was filed in the Circuit Court of the Seventeenth Judicial Circuit in and

for Broward County, Florida, on or about March 4, 1999. A copy of the Complaint and Summons

is attached hereto as Composite Exhibit No. 1. On April 16, 1999, Defendant filed its Motion to

Dismiss with Incorporated Memorandum of Law. A copy of Defendant's Motion to Dismiss is

attached hereto as Exhibit No. 2. On November 18, 1999, the state court granted Defendant's



Motion to Dismiss the Complaint. A copy of the Court's Order on Defendant's Motion to Dismiss is attached hereto as Exhibit No. 3. On November 26, 1999, Plaintiff filed a Motion for Rehearing/Reconsideration. A copy of Plaintiff Motion for Rehearing/Reconsideration is attached hereto as Exhibit No. 4. On or about December 7, 1999, Plaintiff filed her Amended Complaint. A copy of the Amended Complaint is attached hereto as Exhibit No. 5. On or about December 7, 1999, Plaintiff also filed a Motion for Leave to Amend the Amended Complaint and filed her Second Amended Complaint. A copy of the Motion for Leave to Amend the Amended Complaint is attached hereto as Exhibit No. 6, and a copy of the Second Amended Complaint is attached hereto as Exhibit No. 7. On December 21, 1999, the Court granted Plaintiff's Motion for Leave to Amend the Amended Complaint. A copy of the Court's Order granting Plaintiff's Motion for Leave to Amend the Amended Complaint is attached hereto as Exhibit No. 8.

2.    This action is one of a civil nature for, inter alia, alleged violations of the Due Process Clause and Equal Protection Clause under the Fourteenth Amendment of the United States Constitution. Because the Plaintiff's action arises under a law of the United States (i.e., United States Constitution), this action is a proper one for removal from the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, to this Court pursuant to 28 U.S.C. § 1441, as the case is now within the original jurisdiction of the Court. In this regard, 28 U.S.C. § 1331 [Federal Question] provides as follows:

> The district courts shall have original jurisdiction of all civil actions
> arising under the Constitution, laws, or treaties of the United States.

3.    Thirty (30) days have not yet expired since the action which forms the subject matter hereof became removable to this Court, and Defendant has not filed any pleadings in said matter nor

taken any action whatsoever since the cause herein became removable (upon the filing of the Second

Amended Complaint), except to file the instant Notice of Removal.

WHEREFORE, Defendant requests that further proceedings in the Circuit Court of the

Seventeenth Judicial Circuit in and for Broward County, Florida, in Case No. 99-3785-CACE-07

be discontinued and that this action be removed to the United States District Court for the Southern

District of Florida.

MULLER, MINTZ, KORNREICH, CALDWELL,
CASEY, CROSLAND & BRAMNICK, P.A.

Suite 3600
First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2338
(305) 358-5500 (Miami-Dade)
(954) 522-0393 (Broward)
(305) 379-3802 (Fax)

By_____
   Gordon D. Rogers, Esquire
   Florida Bar No. 240168
   grogers@mullermintz.com

By_____
   John A. Walker
   Florida Bar No. 0086754
   jwalker@mullermintz.com
   Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document has been furnished to Mark J. Berkowitz,

Esquire, Mark J. Berkowitz, P.A., Counsel for Plaintiff, Suite 200N, 524 South Andrews Avenue,

Fort Lauderdale, Florida 33301, by mail, this _____ day of January, 2000.

_____
John A. Walker

& Jeff Moquin, Dir./Risk Mgmt.
Cc Dr. Dorothy Orr, Interim Supt.
Ed. Marko, Board Attorney
Lois Wexler, Chairperson
3/9/99

REC'D ___3-4-99___

RESVED ___

DATE 3-9-99 TIME 4:07 p+

PS NEAL LOEHER
(Printed Name of Server)

CERTIFIED IN THE CIRCUIT COURT OF
17 JUDICIAL CIRCUIT CERT. # 168

FAXED in
3-18-99 to Ray Beverly — mr. marko
would like
a law attorney
assigned.

**CACE**

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.

CHERL SEARS,
                    Plaintiff,

vs.

THE SCHOOL BOARD OF
BROWARD COUNTY,
                    Defendant.
_____ )

GENERAL JURISDICTION DIVISION

**SUMMONS**

**THE STATE OF FLORIDA**
To Each Sheriff of the State

**YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint
or petition in this action on PAUL EICHNER, as a member of the SCHOOL BOARD OF
BROWARD COUNTY, FLORIDA, by serving him, at the following address: Wright
Administrative Building, 600 S.E. Third Avenue, Ft. Lauderdale, Florida 33301.

Each defendant is required to serve written defenses to the complaint or petition
on Mark J. Berkowitz, plaintiff's attorney, whose address is 524 South Andrews Avenue,
Suite 200N, Ft. Lauderdale, Florida 33301, within 20 days after service of this summons
on that defendant, exclusive of the day of service, and to file the original of the defenses
with the clerk of this court either before service on plaintiff's attorney or immediately
thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint or petition.

MAR 04 1999
DATED on March ____, 1999.



ROBERT LOCKWOOD
As Clerk of the Court
BERNADINE EHRUS
By_____
   Deputy Clerk

A TRUE COPY
Circuit Court Seal

RECEIVED
MAR 22 1999
GALLAGHER BASSETT

**I. CASE STYLE**  (Name of Court) Circuit

Plaintiff    CHERL SEARS

vs

Defendant    SCHOOL BOARD OF BROWARD COUNTY

Case #:
Judge:

A TRUE COPY
ROBERT E. LOCKWOOD

**II. TYPE OF CASE**  (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ☐ Simplified dissolution | ☐ Professional Malpractice | ☐ Contracts |
| ☐ Dissolution | ☐ Products liability | ☐ Condominium |
| ☐ Support—IV-D | ☐ Auto negligence | ☐ Real property/ Mortgage foreclosure |
| ☐ Support—Non IV-D | ☐ Other negligence | ☐ Eminent domain |
| ☐ URESA—IV-D | | ☒ Other |
| ☐ URESA—Non IV-D | | |
| ☐ Domestic violence | | |
| ☐ Other domestic relations | | |

**III. Is Jury Trial Demanded in Complaint?**

☒ Yes

☐ No

DATE 3/4/99

SIGNATURE OF ATTORNEY FOR PARTY
INITIATING ACTION _Mark J. Berkowitz_

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.



GENERAL JURISDICTION DIVISION

CHERL SEARS,
        Plaintiff,

vs.

THE SCHOOL BOARD OF
BROWARD COUNTY,
        Defendant.
_____/

MAR 04 1999

'A TRUE COPY
ROBERT E. LOCKWOOD

## COMPLAINT

      Plaintiff, Cherl Sears, by her undersigned counsel, hereby files this Complaint, against the Defendant, the School Board of Broward County, and she alleges as follows:

1.     This is an action for damages in excess of $15,000, exclusive of interest and costs, and therefore, this action is within the jurisdiction of this Court.

2.     This Court has jurisdiction to resolve constitutional questions, relating to due process issues, pursuant to Article I, Section 9 of the Florida Constitution.

3.     The Plaintiff, Cherl Sears (hereinafter referred to as, "Sears"), at all material times herein, was an employee of the Defendant, the School Board of Broward County, at schools administered by the Defendant, located in Broward County, Florida.

1

4.    The Defendant, the School Board of Broward County (hereinafter referred to as, the "School Board," or as, the "Employer"), operates and is in existence, pursuant to Chapter 230 of the Florida Statutes and it is responsible for the administration of the public school system in Broward County, Florida.

5.    Sears had been employed as a substitute teacher, for the Defendant School Board, beginning in 1992, and her employment status remained unchanged with the Defendant, until October of 1996.

6.    From October of 1996, through February of 1998, Sears had been employed as a "pool substitute" teacher for the Defendant School Board.

7.    However, in March of 1998, and continuing until October 5, 1998, Sears was employed an "interim substitute" teacher, in the exceptional student education program, for the Defendant School Board.

8.    The Plaintiff currently possesses a proper teaching certification, in that she holds a two year temporary permit, which enables her to teach social science subjects, in the public school systems, within the State of Florida.

9.    During the beginning of the 1998-1999 school term, the Plaintiff was offered the opportunity by the Defendant, to be hired as a permanent full time teacher, providing instruction in a social science curriculum, in public schools administered by the Defendant in Broward County, Florida.

2

10.    However, the Plaintiff's application for a permanent position was rejected by the

Defendant; solely due to her arrest in 1995, and the arrest was based upon allegations of

narcotics possession.

11.    This arrest did not result in a conviction; and in fact, the charges against the

Plaintiff were subsequently dismissed, due to her successful completion of a court

administered pre-trial intervention program.

12.    Not only was the Plaintiff's application for a permanent position rejected by the

School Board, the Defendant also prohibited her from reassuming any substitute teacher

assignments, based solely upon the 1995 arrest.

13.    Immediately after the rejection of the Plaintiff's application for a permanent full-

time position with the School Board, representatives and or employees of the Defendant

told Sears to reapply for a permanent full time teacher position, for the following school

year.

## COUNT I

14.    The Plaintiff restates and reavers the allegations contained in paragraphs 1

through 13 of the Complaint, as if fully set forth herein.

15.    The Florida Legislature has recognized that prior unlawful conduct is not a bar to

public employment, unless it is job related. Florida Statutes, Section 112.011 provides, in

pertinent part, as follows:

A person shall not be disqualified from employment by the state or any of its agencies or political subdivisions... solely because of a prior *conviction* of a felony... (except that an applicant may be excluded) if the felony for which (he is convicted) directly relates to the position of employment sought... (emphasis added).

3

16.    The Plaintiff has now lost all of her opportunities to serve as a teacher in the Broward County school system, solely due to allegations of criminal misconduct.

17.    Unlawful prior conduct is a bar to public employment, only if that conduct has resulted in a conviction and provided that conduct is job related.

18.    However, the Plaintiff did not sustain a conviction and the prior criminal charges against her have been dismissed.

19.    Plaintiff is a member of the class which is to be protected by the aforesaid statute, Fla. Stat. Section 112.011; and the Defendant, in terminating her employment has violated said statute.

20.    Plaintiff has suffered damages as a result of the Defendant's aforesaid actions, and her damages, associated with the loss of employment, were specifically sought to be prevented by the legislative enactment of the Florida Statute Section 112.011.

    **WHEREFORE**, the Plaintiff, Cherl Sears, demands judgment against the Defendant, the School Board of Broward County, reinstatement to her prior position, with an opportunity to be properly considered for full-time teacher positions, and in addition, lost wages, all benefits and fringe benefits associated with her prior employment, as well as, costs, interest, attorney's fees, and any and all relief deemed to be just and proper by this Court.

## COUNT II

21.    The Plaintiff restates and reavers the allegations contained in paragraphs 1 through 13 of the Complaint, as if fully set forth herein.

4

22.     There must be a rational nexus, between any off duty, or prior conduct, or requirements and the duties of the job at issue, before the off-duty, or prior conduct may provide a basis for the denial of public employment.

23.     Article I, Section 9 of the Florida Constitution stands for the proposition that when a public employer acts, it must act in a manner which is neither arbitrary or unreasonable.

24.     The Plaintiff is being precluded from earning a livelihood as a public employee, for the Defendant, based upon conduct which did not result in a criminal conviction and based upon charges which were subsequently dismissed.

25.     According to the official policy and or custom of the School Board, the Plaintiff as an employee of the Defendant, may be discharged from her employment, without affording her an opportunity to a hearing, or to dispute the allegations against her.

26.     This enumerated policy and or custom of the School Board, as set forth above, constitutes the moving force behind the constitutional deprivations suffered by the Plaintiff.

27.     As a public employee, the Plaintiff had a reasonable expectation of continued employment with the School Board, and as such, she had a property interest in her employment.

28.     The School Board, acting under color of state law, has improperly terminated the Plaintiff's employment, by refusing to recognize that the allegations of criminal conduct against her had been dismissed.

5

29.    The School Board, acting under color of state law, has improperly refused to entertain her reinstatement to employment, during the 1998-1999 school year, despite the fact that the criminal charges which had been leveled against her had been dismissed; however, at the same time, the School Board has told the Plaintiff to reapply for teaching positions at its personnel office for the 1999-2000 school year.

30.    The Plaintiff has a property interest in her position with the School Board, because of her reasonable expectation of continued employment.

31.    The Due Process Clause of Article I, Section 9 of the Florida Constitution forbids depriving any person, of life, liberty, or property without due process of law.

32.    The Plaintiff has been denied the enjoyment of a property interest, her prior position with the School Board, because the Employer has refused to reinstate her and barred her from undertaking further employment and moreover, the Employer has failed and or refused to provide any procedural due process, prior to implementing its termination decision.

33.    Moreover, the failure and or refusal of the School Board to provide the Plaintiff with any process or hearing prior to her termination, constituted a denial of due process under Article I, Section 9 of the Florida Constitution.

34.    As a direct result of said acts by the School Board, the Plaintiff has suffered public embarrassment, humiliation, great mental pain, great monetary loss, the loss of her ability to work in her chosen profession and the loss of her capability to fully function as a member of her family and community.

6

**WHEREFORE,** the Plaintiff, Cherl Sears, requests the application of injunctive relief, enjoining the Defendant, the Broward County School Board, from continuing to violate her substantive and procedural rights under the due process provision of the Florida Constitution, Article I, Section 9, and further, she seeks reinstatement to her prior position with the School Board, along with her seniority rights and all benefits associated with that position, the opportunity to be properly considered for full-time teaching positions; and in addition, the Plaintiff further requests the following relief: lost wages, all benefits and fringe benefits associated with her prior employment, as well as, costs, interest, attorney's fees, and any and all relief deemed to be just and proper by this Court.

Respectfully submitted,

Mark J. Berkowitz, P.A.
524 S. Andrews Avenue
Suite 200N
Ft. Lauderdale, Florida 33301
(954) 527-0570
Fla. Bar No. 369391

By: Mark J. Berkowitz

Dated on this 11th day of March, 1999.

7

A TRUE COPY
ROBERT E. LOCKWOOD

IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

APR 1 6 1999

| | | |
|---|---|---|
| CHERL SEARS, | ) | CASE NO. 99-3785-CACE-07 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE SCHOOL BOARD OF BROWARD | ) | <u>DEFENDANT'S MOTION TO DISMISS</u> |
| COUNTY, | ) | <u>WITH INCORPORATED MEMORANDUM</u> |
| | ) | <u>OF LAW</u> |
| Defendant. | ) | |
| | ) | |

Defendant, the SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, ("School Board"), through its counsel Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., moves for the immediate dismissal of all Counts of the Complaint for failure to state a cause of action. As grounds for its Motion, Defendant states as follows:

1. Count I of the Complaint fails to state a cause of action and must be dismissed because Section 112.011, Florida Statutes (1997), by its own explicit terms, does not apply to Plaintiff because she is not a convicted felon. [Complaint at ¶ 11]

2. Alternatively, presuming solely for purposes of argument that Section 112.011, Florida Statutes (1997), is applicable to Plaintiff, Count I of the Complaint must still be dismissed because Plaintiff has failed to exhaust her administrative remedies available under Chapter 120, Florida Statutes (1998 Supp.), as specifically required by Section 112.011(3), Florida Statutes (1998 Supp.).

3. Count II of the Complaint fails to state a cause of action because Plaintiff may not bring a claim directly under Article I, Section 9 of the Florida Constitution (1968). Accordingly, Count II should be dismissed.

4.   Alternatively, presuming solely for purposes of argument that Plaintiff could maintain a cause of action predicated directly upon Article I, Section 9 of the Florida Constitution, it is clear under Florida case law that as a substitute teacher, Plaintiff did not possess a cognizable property interest in continued employment as a matter of law.  Accordingly, Count II should be dismissed.

## MEMORANDUM OF LAW

## INTRODUCTION

Plaintiff alleges in her Complaint that she worked for the School Board as a substitute teacher from February 1992 to October 1996.[1]  [Complaint at ¶ 5]  Plaintiff further alleges that from approximately October 1996 to February 1998, she worked for the School Board as a pool substitute teacher. [Complaint at ¶ 6]  Subsequently, from March 1998 to October 1998, Plaintiff worked as an interim substitute teacher.  [Complaint at ¶ 7]

During the beginning of the 1998-1999 school year, Plaintiff alleges that she applied for a position as a permanent full time teacher.  [Complaint at ¶ 10]  Pursuant to Section 231.02(2)(a), Florida Statutes (1998 Supp.), Plaintiff was required by law to submit to a criminal background check at that time.  Plaintiff's criminal background check revealed that she had been arrested in 1995 for alleged possession of narcotics.  [Complaint at ¶ 10]  Plaintiff was never convicted of the criminal charges due to her successful completion of a court administered pre-trial intervention program.  [Complaint at ¶ 11]  The School Board rejected Plaintiff's application for full time

---

[1]     The facts cited by Defendant herein are based upon the allegations made by Plaintiff in her Complaint.  Defendant has included citations to Plaintiff's factual allegations solely in support of its Motion to Dismiss, without waiving its right to challenge the truth or accuracy of such facts during the course of the litigation of this action.

employment, as well as her reassignment to the position of substitute teacher, based upon the 1995 narcotics arrest. [Complaint at ¶ 12]

## ARGUMENT AND CITATION OF AUTHORITY

### POINT I

**COUNT I OF THE COMPLAINT MUST BE DISMISSED BECAUSE IT HAS NO APPLICATION TO THE PLAINTIFF UNDER THE FACTS ALLEGED IN THE COMPLAINT. IN THE ALTERNATIVE, COUNT I MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

In Count I of her Complaint, Plaintiff attempts to state a cause of action against the School Board for allegedly violating Section 112.011, Florida Statutes (1998 Supp.), by revoking her authorization to work as a temporary employee (substitute teacher). However, Section 112.011, by its own explicit terms, is clearly inapplicable to Plaintiff. Section 112.011 relates to the disqualification of a person from public employment "solely because of a <u>prior conviction</u> for a crime." (emphasis added). Plaintiff states in her Complaint that her 1995 narcotics "arrest did not result in a conviction." [Complaint at ¶ 11] Accordingly, Plaintiff cannot state a cause of action for alleged violation of a statute that she admits does not apply to her. As a result, Count I should be dismissed.

Alternatively, presuming solely for purposes of argument that Section 112.011 is applicable to Plaintiff, Count I must still be dismissed because she failed to exhaust her administrative remedies required under that section. Pursuant to Section 112.011(3) "[a]ny complaint concerning the violation of this section shall be adjudicated in accordance with the procedures set forth in Chapter 120 for administrative and judicial review." In this regard, "It is now well settled that where

-3-

adequate administrative remedies are available, it is improper to seek relief in circuit court before those remedies are exhausted." Communities Financial Corp. v. Florida Dept. of Environmental Regulation, 416 So. 2d 813, 816 (1st DCA 1982). See also School Bd. of Flagler County v. Hauser, 293 So. 2d 681, 683 (Fla. 1974) ("Until such time as administrative remedies have been exhausted, respondent may not seek relief in the courts from the asserted action of the school board."); Brooks v. School Bd. of Brevard County, 382 So. 2d 422, 422-23 (5th DCA 1980) ("Where administrative review procedures are available, a party must exhaust these remedies before judicial review is appropriate."); School Bd. of Leon County v. Mitchell, 346 So. 2d 562, 569 (1st DCA 1977) ("as a party whose interests were 'substantially affected,' [plaintiff] could have had that issue decided (as well as the numerous factual issues which appellee claims are pertinent) by hearing held pursuant to Section 120.57(1), Florida Statutes (1975)."). Count I should therefore be dismissed due to Plaintiff's failure to exhaust administrative remedies.

POINT II

COUNT II OF THE COMPLAINT MUST BE DISMISSED BECAUSE ARTICLE 1, SECTION 9 IS NOT A SELF-EXECUTING PROVISION AND DOES NOT CREATE A PRIVATE RIGHT OF ACTION. ALTERNATIVELY, COUNT II MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD ANY BASIS IN FLORIDA LAW FOR HER CLAIMED "PROPERTY INTEREST" IN CONTINUED EMPLOYMENT AS A SUBSTITUTE TEACHER.

In Count II, Plaintiff attempts to assert a cause of action for an alleged violation of Article I, Section 9 of the Florida Constitution.[2] Specifically, Plaintiff alleges that she had a reasonable

_____

[2]    Article I, Section 9 of the Florida Constitution states:

No person shall be deprived of life, liberty or property without due process of law, or be twice put in jeopardy for the same offense, or be

-4-

expectation of continued employment as a substitute teacher and therefore she had a "property right" in continued employment with the School Board. Plaintiff further alleges that she could not be "discharged" from her employment without the opportunity for a hearing to dispute the allegations against her. However, Plaintiff's Complaint fails to state a cause of action for two reasons. First, Plaintiff may not bring a claim directly under Article I, Section 9 of the Florida Constitution. In this regard, Article I, Section 9 of the Florida Constitution is not a self-executing provision. In Gray v. Bryant, 125 So. 2d 846, 851 (Fla. 1960), the Florida Supreme Court enunciated the test for determining whether a constitutional provision is self-executing:

> The basic guide, or test, in determining whether a constitutional provision should be construed to be self-executing, or not self-executing, is whether or not the provision lays down a sufficient rule by means of which the right or purpose which it gives or is intended to accomplish may be determined, enjoyed, or protected without the aid of legislative enactment.

The language of Article I, Section 9, clearly evinces a need for implementing legislation to properly effectuate the protections afforded by Section 9. Section 9 provides no independent remedy for an alleged violation of Plaintiff's due process rights. The type and quantum of process which may be due in a particular case is dependent upon the nature of the right as to which a deprivation is claimed. Here, Plaintiff's alleged right to work as a non-tenured substitute teacher clearly does not rise to the level of an entitlement cognizable under the Florida Constitution.

Second, Plaintiff fails to state a cause of action in Count II of her Complaint because she fails to cite any provision of the Florida Statutes which even arguably gives rise to an expectation of

_____

compelled in any criminal matter to be a witness against himself.

-5-

continued employment for a substitute teacher. Although Plaintiff has attempted to base her alleged "property interest" directly upon the Florida Constitution, the case law is clear that "[p]roperty interests are not created by the [Federal or State] Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985) (quoting Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)). Thus, although a public employee may possess a property right in continued employment, the employee must sufficiently allege the source of such entitlement under Florida law.

In the case of McRae v. Douglas, 644 So. 2d 1368, 1372-1373 (5th DCA 1994), rev. den., 654 So. 2d 919 (Fla. 1995), the plaintiff, an "at-will" deputy sheriff/correctional officer, attempted to prove that he was deprived of a property interest in his position, without due process of law, when he was discharged by the sheriff. The sheriff moved to dismiss the plaintiff's claim on the grounds that the plaintiff failed to "allege ultimate facts establishing a legally recognizable property interest in his position." Id. The court noted that the plaintiff "had to sufficiently allege a property interest in his position under Florida law in order to establish his entitlement to procedural due process safeguards." Id. at 1372-73.[3] Since the court found that the plaintiff failed to establish a property interest in his job, his due process claim was dismissed.

_____

[3] The case of Loudermill is clearly distinguishable from McRae, as well as the instant case. The plaintiffs in Loudermill were terminated school district employees who alleged that they had a property right in continued employment as public servants. However, in that case, there was an Ohio statute which plainly created such an interest. 470 U.S. at 538. More specifically, the plaintiffs were "classified civil service employees" who were "entitled to retain their positions 'during good behavior and efficient service,'" and could only be dismissed for "'misfeasance, malfeasance, or nonfeasance in office.'" Id.

-6-

Additionally, in <u>Thaw v. Bd. of Pub. Instruction of Dade County</u>, 432 F.2d 98, 99 (5th Cir. 1970), the plaintiff was not granted tenure by the school board. Subsequently, the school board denied the plaintiff's request for a hearing on the non-renewal of his teaching position. The plaintiff filed a suit against the school board alleging a violation of his due process rights. The trial court granted the school board's motion to dismiss plaintiff's claims and the plaintiff appealed. On appeal, the appellate court noted that a school district cannot dismiss a public school teacher without notice and a hearing if the teacher is tenured or otherwise has a reasonable expectation of employment. However, the court in <u>Thaw</u> found that the plaintiff, as a probationary employee, did not have tenure and failed to establish that he had a reasonable expectation of employment under Florida law. <u>Id.</u> The appellate court thus affirmed the lower court's dismissal. <u>Id.</u> Similarly, in the instant case, Plaintiff fails to allege any factual or legal grounds sufficient to establish that she had an expectation of continued employment as a substitute teacher. Therefore, Count II must be dismissed for failure to state a cause of action.

WHEREFORE, Defendant School Board respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint. Defendant additionally requests an award of its reasonable attorney's fees incurred in defense of these clearly baseless claims pursuant to Section 57.105, Florida Statutes.

Suite 3600
First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2338
(305) 358-5500 (Dade)
(954) 522-0393 (Broward)
(305) 379-3802 (Fax)

MULLER, MINTZ, KORNREICH, CALDWELL, CASEY, CROSLAND & BRAMNICK, P.A.

By _____
   Gordon Rogers
   Florida Bar No. 240168

By _____
   John A. Walker
   Florida Bar No. 086754
   Counsel for Defendant

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of this document has been furnished by U.S. Mail to

Mark J. Berkowitz, Esquire, Mark J. Berkowitz, P.A., Counsel for Plaintiff, Suite 200-N, 524 South

Andrews Avenue, Fort Lauderdale, Florida 33301, this 16th day of April, 1999.

_____

John A. Walker

G \237905\Pleadings\GDR2401grl.wpd

-8-

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.: 99-3758 CACE (07)
JUDGE: JOHN A. MILLER

CHERL SEARS,

     Plaintiff,

v.

THE SCHOOL BOARD OF BROWARD
COUNTY,

     Defendant,

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss. The Court

having considered the motion, reviewed the file, heard argument of counsel, and being otherwise

fully advised in the premises, it is

**ORDERED AND ADJUDGED** as follows:

1.    Count I is DISMISSED since Plaintiff has failed to exhaust the administrative

remedies available under Chapter 120, as required by section 112.001(3), Florida Statutes (1997).

See School Bd. of Flagler County v. Hauser, 293 So. 2d 681, 683 (Fla. 1974) ("Until such time

as administrative remedies have been exhausted, respondent may not seek relief in the courts

from the asserted action of the school board.").

2.    Count II is DISMISSED since Plaintiff has failed to allege ultimate facts

establishing a legally recognizable property interest in her position as a substitute teacher. See

1

<u>McRae v. Douglas</u>, 644 So. 2d 1368, 1372-73 (5th DCA 1994), <u>rev. den.</u>, 654 So. 2d 919 (Fla. 1995).

3.      Plaintiff shall have 20 days to amend Count II of the complaint.

DONE AND ORDERED in Chambers, at Ft. Lauderdale, Broward County, Florida, this

_____ day of _____, 1999.

NOV 1 8 1999

JOHN A. MILLER
CIRCUIT JUDGE
A TRUE COPY

cc:     John A. Walker, Esq.
        Mark J. Berkowitz, Esq.

2

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-3785-CACE 07

GENERAL JURISDICTION DIVISION

CHERL SEARS,
        Plaintiff,

vs.

THE SCHOOL BOARD OF BROWARD
COUNTY,
        Defendant.
_____/

### PLAINTIFF'S MOTION FOR REHEARING/RECONSIDERATION

Plaintiff, Cherl Sears, by her undersigned counsel and pursuant to Rule 1.530 (a) of the Florida Rules of Civil Procedure, hereby files this Motion For Rehearing/Reconsideration. In support of the Motion, the Plaintiff would show the Court as follows:

1.    Count I of the Plaintiff's Complaint alleged a violation of Fla. Stat. 112.011, claiming that she can only be excluded from public employment for the prior *conviction* of a felony. Since she was not convicted of a felony, Plaintiff argued that the prior dismissed criminal charges could not be used as a basis for denying her application for permanent public employment with the Defendant.

2.    The Court dismissed Count I of the Complaint, holding that the dismissal was warranted due to the fact that administrative remedies under Chapter 120 of the Florida Statutes were not exhausted.



1

3.      However, the Court has misapprehended the nature of the claimed statutory

violation.

4.      The central question under Count I of the Complaint, is whether the Defendant

can reject, or *constitutionally* disqualify the Plaintiff from employment, due to the

bringing of prior criminal charges against her, which had been subsequently dismissed.

5.      In Osterman v. Paulk, 387 F.Supp. 669, 670-671 (S.D.Fla. 1974), the Court faced

precisely this issue, within the context of interpreting the applicability of Fla. Stat.

Section 112.011.

> In the field of public employment the government must act 'in a manner which is
> neither arbitrary nor unreasonable.' The principle was made clear by the Fifth Circuit
> Court of Appeals in Thompson v. Gallagher, 489 F.2d 443 (5th Cir. 1973):

>> Just as a public employee does not give up his First Amendment right
>> when he begins receiving a pay check from the government, neither does
>> he give up his right to due process of law. The Fourteenth Amendment
>> stands for the proposition that the government must act, when it acts, in a
>> manner which is neither arbitrary nor unreasonable. 489 F.2d at 447.

> See also, Schware v. Board of Bar Examiners, 353 U.S. 232, 238-239, 77 S.Ct.
> 752, 1 L.Ed.2d 796 (1957); Slochower v. Board of Education, 350 U.S. 551, 555, 76
> S.Ct. 637, 100 L.Ed. 692 (1956); Wieman v. Updegraff, 344 U.S. 183, 192, 73 S.Ct. 215,
> 97 L.Ed. 216 (1952).

> In Lindquist v. City of Coral Gables, 323 F.Supp. 1161, 1163 (S.D.Fla. 1971), it
> was held that it 'is well settled that a State may not arbitrarily refuse an individual the
> opportunity to . . . work in public service.

> In furtherance of the above principal there must be a rational nexus between any
> off-duty or prior conduct, or requirements, and the duties of the job in question.
> Sugarman v. Dougall, 413 U.S. 634, 93 S,Ct. 2842, 37 L.Ed.2d 853 (1973); Castro v.
> Beecher, 459 F.2d 725, 733 (1st Cir. 1972), Thompson v. Gallagher, supra. In Lindquist,
> supra, a fireman was discharged because his sideburns exceeded the length allowed by
> departmental regulations. The District Court held that the regulation was constitutionally

impermissible because the City had failed to show any relationship between the plaintiff's sideburns and the performance of his job.

The Florida Legislature has recognized that prior unlawful conduct is not a bar to public employment unless it is job-related. Florida Statutes, Section 112.011, provides:

> A person shall not be disqualified from employment by the state or any of its agencies or political subdivisions. . . solely because of a prior conviction of a felony. . . (except that an applicant may be excluded) if the felony for which [he is] convicted directly relates to the position of employment sought. . .

6.    The Court in <u>Osterman</u>, <u>supra</u>, held that a civil service board rule which disqualified any person who had used marijuana on any occasion, in the six months preceding public employment was irrational, as it applied to a clerk position, and such a rule constituted a denial of due process, as well as being violative of Fla. Stat. Section 112.011. <u>Id</u>, at 671. <u>Moreover, the Court rejected the application of an administrative exhaustion requirement, where the complainant was seeking vindication of constitutional rights against a state agency.</u> Id., at 672.

7.    *In short, the Plaintiff here is stating that the employer's policy of excluding her from employment, on the basis of a prior criminal charge, which was dismissed, does not pass constitutional muster and such a policy also violates Fla. Stat. Section 112.011.*[1] The Court's reference to the opinion in <u>School Board of Flagler County</u> v. <u>Hauser</u>, 293 So.2d 681 (Fla. 1974), imposing an administrative exhaustion requirement, is not applicable here, because in that case, the issue was simply an application for teacher re-appointment, without any constitutional implications.

---

[1]    See, the Opinion of the Florida Attorney General, No. 073-124 (April 17, 1973).

8.    *It is well established that constitutional challenges to the actions of administrative agencies are to be considered exclusively by the courts* and such issues cannot be the subject of administrative determination. See, <u>Myers</u> v. <u>Hawkins</u>, 362 So.2d 926 (Fla. 1978); <u>Canney</u> v. <u>Board</u> of <u>Public</u> <u>Instruction</u> of <u>Alachua</u> <u>County</u>, 278 So.2d 260 (Fla. 1973).

9.    Because the Administrative Procedure Act cannot delegate matters of constitutional importance to administrative agencies for resolution, the Plaintiff's Motion For Rehearing/Reconsideration should be granted and the Court's Order dismissing Count I of the Complaint should be vacated. See, <u>Department</u> of <u>Transportation</u> v. <u>Morehouse</u>, 350 So.2d 529 (Fla. 3d DCA 1977). The Plaintiff should be able to prosecute this action in accordance with the language contained within the allegations of Count I of the Complaint.

    **WHEREFORE**, the Plaintiff, Cherl Sears, respectfully requests that the Court grant the Motion For Rehearing/Reconsideration.

                                            Respectfully submitted,

                                            Mark J. Berkowitz, P.A.
                                            524 S. Andrews Avenue
                                            Suite 200N
                                            Ft. Lauderdale, Florida 33301
                                            (954) 527-0570 Telephone
                                            (954) 463-5428 Telecopier
                                            Fla. Bar No. 369391

                                            By: Mark J. Berkowitz

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent by regular mail on this 26th day of November, 1999, to Gordon Rogers, Esq. and John Walker, Esq. Muller, Mintz, et al., Muller, Mintz, et al., First Union Financial Center, 200 S. Biscayne Blvd., Suite 3600, Miami, Florida 33131.

Mark J. Berkowitz

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-3785-CACE-07

GENERAL JURISDICTION DIVISION

CHERL SEARS,
          Plaintiff,

vs.

THE SCHOOL BOARD OF
BROWARD COUNTY,
          Defendant.
_____/

## AMENDED COMPLAINT

      Plaintiff, Cherl Sears, by her undersigned counsel, and pursuant to the Court's order dated November 18, 1999, hereby files this Amended Complaint, against the Defendant, the School Board of Broward County, and she alleges as follows:

1.     This is an action for damages in excess of $15,000, exclusive of interest and costs and therefore, this action is within the jurisdiction of this Court.

2.     This Court has jurisdiction to resolve constitutional questions, relating to due process issues, pursuant to Article I, Section 9 of the Florida Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

3.     The Plaintiff, Cherl Sears (hereinafter, referred to as, "Sears"), at all material times herein, was an employee of the Defendant, the School Board of Broward County, at schools administered by the Defendant, located in Broward County, Florida.

4.    The Defendant, the School Board of Broward County (hereinafter, referred to as, the "School Board," or as, the "Employer"), operates and is in existence, pursuant to Chapter 230 of the Florida Statutes, and it is responsible for the administration of the public school system, in Broward County, Florida.

5.    Sears had been employed as a substitute teacher, for the Defendant School Board, beginning in 1992, and her employment status remained unchanged with the Defendant, until October of 1996.

6.    From October of 1996, through February of 1998, Sears had been employed as a "pool substitute" teacher for the Defendant School Board.

7.    However, in March of 1998, and continuing until October 5, 1998, Sears was employed as an "interim substitute" teacher, in the exceptional student education program, by the Defendant School Board.

8.    The Plaintiff currently possesses a proper teaching certification, in that she holds a two-year temporary permit, which enables her to teach social science subjects, in the public school systems, within the State of Florida.

9.    During the beginning of the 1998-1999 school term, the Plaintiff was offered the opportunity, by the Defendant, to be hired as a permanent full-time teacher, providing instruction in a social science curriculum, in public schools administered by the Defendant Employer, in Broward County, Florida.

10.   However, the Plaintiff's application for a permanent position was rejected by the Defendant Employer; solely due to her arrest in 1995, and the arrest was based upon allegations of narcotics possession.

11.   The arrest did not result in a conviction; and in fact, the charges against the Plaintiff were subsequently dismissed, due to her successful completion of a court administered pre-trial intervention program.

12.   Not only was the Plaintiff's application for a permanent position rejected by the School Board, the Defendant also prohibited Sears from reassuming any substitute teacher assignments, based solely upon the 1995 arrest.

13.   Immediately after the rejection of the Plaintiff's application for a full-time permanent position with the School Board, representatives and / or employees of the Defendant told Sears to reapply for a permanent full-time teacher position, for the following school year.

### COUNT I

14.   The Plaintiff restates and reavers the allegations contained in paragraphs 1 through 13 of the Amended Complaint, as if fully set forth herein.

15.   Within the context of public employment, an employee may establish an entitlement to procedural due process under the Florida and United States Constitutions, by showing the existence of a property interest in his or her position.

16.   The concept of a property interest in public employment has been defined as a legitimate interest in continued employment.

17.   Legitimate interests or expectations of continued public employment establishing property interests, are created and defined by rules operating and found under applicable state law.

3

18.    Fla. Stat. Section 231.1725 (e)(2), entitled, "Employment of Substitute Teachers, Teachers of Adult Education and Non-Degreed Teachers of Career Education; Students Performing Clinical Field Experience," states as follows:

Substitute, adult education, and non-degreed career education teachers who are employed pursuant to this section shall have the same rights and protections of laws as certified teachers.

19.    Fla. Stat. Section 231.36 (f) contains numerous procedural protections, applicable to full-time instructional staff, and upon the authority of Fla. Stat. Section 231.1725 (e)(2), such procedural protections are also applicable to the Plaintiff, as a substitute teacher, and this is the independent source of her reasonable expectation of continued employment.

20.    The Plaintiff has been denied the enjoyment of a property interest, her prior teaching position with the School Board, because the Defendant has refused to reinstate her; and it has permanently barred her from undertaking further employment within its organization, as an instructional staff member.

21.    The School Board has failed and or refused to provide procedural due process remedies for the Plaintiff, prior to implementing its termination decision.

22.    The failure and or refusal of the School Board to provide the Plaintiff with any process, or hearing, prior to her termination, constituted a denial of due process under Article I, Section 9 of the Florida Constitution and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

23.    As a direct result of her dismissal from continued employment with the Defendant, the Plaintiff has suffered public embarrassment, humiliation, great

4

mental pain, great monetary loss, the loss of her ability to work in her chosen profession and the loss of her capability to fully function as a member of her community.

WHEREFORE, the Plaintiff, Cherl Sears, requests the application of injunctive relief, enjoining the Defendant, the Broward County School Board, from continuing to violate her fundamental rights under the Due Process Clauses of the Florida and United States Constitutions, and further, the Plaintiff seeks continued employment as a substitute teacher, along with her seniority rights and all benefits associated with that position, along with the opportunity to be properly considered for full-time teaching positions; and in addition, the Plaintiff requests the following relief: lost wages and benefits associated with a full-time teaching position, as well as reasonable attorney's fees, costs, interest and any and all further relief deemed to be just and proper by this Court.

Respectfully submitted,

Mark J. Berkowitz, P.A.
524 S. Andrews Avenue
Suite 200N
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 463-5428 Telecopier
Fla. Bar No. 369391

By: Mark J. Berkowitz

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent by regular mail on this 7th day of December, 1999, to Gordon Rogers, Esq. and John Walker, Esq., Muller, Mintz, et al., 200 S. Biscayne Blvd., Suite 3600, Miami, Florida 33131.

Mark J. Berkowitz

5

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-3785-CACE-07

GENERAL JURISDICTION DIVISION

CHERL SEARS,
        Plaintiff,

vs.

THE SCHOOL BOARD OF
BROWARD COUNTY,
        Defendant.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

      Plaintiff, Cherl Sears, by her undersigned counsel and pursuant to the applicable Rule of the Florida Rules of Civil Procedure, hereby files this Motion For Leave To Amend the Complaint. In support of this Motion, the Plaintiff would show the Court as follows:

1.      The Plaintiff originally filed a two-count complaint in this case, alleging a violation of Fla. Stat. Section 112.011 and the Due Process Clause of the Florida Constitution.

2.      However, the Court dismissed Count I of the Complaint and ordered the Plaintiff to amend Count II.[1]  The Plaintiff has amended Count II and Count I of the Amended Complaint (formerly Count II of the Complaint), now alleges a

---

[1]     The Plaintiff has filed a Motion For Rehearing and / or Reconsideration regarding the Court's ruling on Count I of the Complaint.

violation of the Due Process Clause of the Florida Constitution, based upon the existence of a property interest in her position.

3.    The Amended Complaint consists of one Count. The Plaintiff now seeks to file a Second Amended Complaint, in order to insert additional counts, Count II—Count V. **[The proposed Second Amended Complaint is attached hereto, as Exhibit A]**

4.    Count II of the Second Amended Complaint alleges a violation of the Due Process Clause of the Florida Constitution, due to the Defendant's refusal to allow the Plaintiff to continue in her position as a substitute teacher, and this decision was apparently based solely upon a dismissed criminal charge.

5.    Count III of the Second Amended Complaint alleges a violation of the Equal Protection Clause of the Florida Constitution, due to the Defendant's refusal to allow the Plaintiff to continue in her position as a substitute teacher, and this decision was apparently based solely upon a dismissed criminal charge.

6.    Count IV of the Second Amended Complaint alleges a violation of the Due Process Clause of the Florida Constitution, due to the Defendant's refusal to allow the Plaintiff to be properly considered as an applicant for a full-time teacher position, and this decision was apparently based solely upon a dismissed criminal charge.

7.    Count V of the Second Amended Complaint alleges a violation of the Equal Protection Clause of the United States Constitution, due to the Defendant's refusal

to allow the Plaintiff to be properly considered as an applicant for a full-time teacher position, and this decision was apparently based solely upon a dismissed criminal charge.

8. The subsequent amendments are necessary in order to allow the Plaintiff to more clearly state her theories of this case.

9. It is axiomatic that amendments to complaints are to be freely granted where justice so requires.

10. The Defendant will suffer no prejudice as a result of the granting of the Motion For Leave To Amend because this case is still in the pleading stage and no deadlines have been scheduled for the filing of dispositive motions or for trial.

**WHEREFORE,** the Plaintiff, Cherl Sears, respectfully requests that the Motion For Leave To Amend be granted.

Respectfully submitted,

Mark J. Berkowitz, P.A.
524 S. Andrews Avenue
Suite 200N
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 463-5428 Telecopier
Fla. Bar No. 369391

By: Mark J. Berkowitz

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was sent by regular mail on this *14*day of December, 1999, to Gordon Rogers, Esq. and John Walker, Esq., Muller, Mintz, et al., 200 S. Biscayne Blvd., Suite 3600, Miami, Florida 33131.

Mark J. Berkowitz

4

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-3785-CACE-07

GENERAL JURISDICTION DIVISION

CHERL SEARS,
          Plaintiff,

vs.

THE SCHOOL BOARD OF
BROWARD COUNTY,
          Defendant.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, Cherl Sears, by her undersigned counsel, hereby files this Second Amended Complaint, against the Defendant, the School Board of Broward County, and she alleges as follows:

1.    This is an action for damages in excess of $15,000, exclusive of interest and costs and therefore, this action is within the jurisdiction of this Court.

2.    This Court has jurisdiction to resolve constitutional questions, relating to due process claims, pursuant to Article I, Section 9 of the Florida Constitution and the Due Process Clause under the Fourteenth Amendment of the United States Constitution, and in addition, this Court has jurisdiction to resolve equal protection claims, pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

3.    The Plaintiff, Cherl Sears (hereinafter, referred to as, "Sears"), at all material times herein, was an employee of the Defendant, the School Board of Broward County, at schools administered by the Defendant, located in Broward County, Florida.

4.    The Defendant, the School Board of Broward County (hereinafter, referred to as, the "School Board," or as, the "Employer"), operates and is in existence, pursuant to Chapter 230 of the Florida Statutes, and it is responsible for the administration of the public school system, in Broward County, Florida.

5.    Sears had been employed as a substitute teacher, for the Defendant School Board, beginning in 1992, and her employment status remained unchanged with the Defendant, until October of 1996.

6.    From October of 1996, through February of 1998, Sears had been employed as a "pool substitute" teacher for the Defendant School Board.

7.    However, in March of 1998, and continuing until October 5, 1998, Sears was employed as an "interim substitute" teacher, in the exceptional student education program, by the Defendant School Board.

8.    The Plaintiff currently possesses a proper teaching certification, in that she holds a two-year temporary permit, which enables her to teach social science subjects, in the public school systems, within the State of Florida.

9.    During the beginning of the 1998-1999 school term, the Plaintiff was offered the opportunity, by the Defendant, to be hired as a permanent full-time teacher,

providing instruction in a social science curriculum, in public schools administered by the Defendant Employer, in Broward County, Florida.

10.    However, the Plaintiff's application for a permanent position was rejected by the Defendant Employer; solely due to her arrest in 1995, and the arrest was based upon allegations of narcotics possession.

11.    The arrest did not result in a conviction; and in fact, the charges against the Plaintiff were subsequently dismissed, due to her successful completion of a court administered pre-trial intervention program.

12.    Not only was the Plaintiff's application for a permanent position rejected by the School Board, the Defendant also prohibited Sears from reassuming any substitute teacher assignments, based solely upon the 1995 arrest.

13.    Immediately after the rejection of the Plaintiff's application for a full-time permanent position with the School Board, representatives and / or employees of the Defendant told Sears to reapply for a permanent full-time teacher position, for the following school year.

## COUNT I

14.    The Plaintiff restates and reavers the allegations contained in paragraphs 1 through 13 of the Second Amended Complaint, as if fully set forth herein.

15.    Within the context of public employment, an employee may establish entitlement to procedural due process under the Florida and United States Constitutions, by showing the existence of a property interest in his or her position.

3

16. The concept of a property interest in public employment has been defined as a legitimate interest in continued employment.

17. Legitimate interests or expectations of continued public employment establishing property interests, are created and defined by rules operating and found under applicable state law.

18. Fla. Stat. Section 231.1725 (e)(2), entitled, "Employment of Substitute Teachers, Teachers of Adult Education and Non-Degreed Teachers of Career Education; Students Performing Clinical Field Experience," states as follows:

   Substitute, adult education, and non-degreed career education teachers who are employed pursuant to this section shall have the same rights and protections of laws as certified teachers.

19. Fla. Stat. Section 231.36 (f) contains numerous procedural protections, applicable to full-time instructional staff, and upon the authority of Fla. Stat. Section 231.1725 (e)(2), such procedural protections are also applicable to the Plaintiff, as a substitute teacher, and this is the independent source of her reasonable expectation of continued employment.

20. The Plaintiff has been denied the enjoyment of a property interest, her prior position with the School Board, because the Defendant has refused to reinstate her; and it has barred her from undertaking further employment within its organization, as an instructional staff member.

21. The School Board has failed and or refused to provide procedural due process for the Plaintiff, prior to implementing its termination decision.

22.　The failure and or refusal of the School Board to provide the Plaintiff with any process or hearing prior to her termination, constituted a denial of due process under Article I, Section 9 of the Florida Constitution and under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

23.　As a direct result of her dismissal from continued employment with the Defendant, the Plaintiff has suffered public embarrassment, humiliation, great mental pain, great monetary loss, the loss of her ability to work in her chosen profession and the loss of her capability to fully function as a member of her community.

> **WHEREFORE**, the Plaintiff, Cherl Sears, requests the application of injunctive relief, enjoining the Defendant, the Broward County School Board, from continuing to violate her fundamental rights under the Due Process Clause of the Florida and United States Constitutions, and further, the Plaintiff seeks continued employment as a substitute teacher, along with her seniority rights and all benefits associated with that position, together with the opportunity to be properly considered for full-time teaching positions; and in addition, the Plaintiff requests the following relief: lost wages and benefits associated with a full time position, as well as reasonable attorney's fees, costs, interest and any and all further relief, deemed to be just and proper by this Court.

## COUNT II

24.　The Plaintiff restates and reavers the allegations contained in paragraphs 1 through 13 of the Second Amended Complaint, as if fully set forth herein.

25.     The Plaintiff was discharged from her employment with the School Board because criminal allegations had been made against her; however, those allegations were subsequently dismissed.

26.     The School Board apparently has a *de facto* rule and / or practice, whereby employees, merely charged with criminal offenses, without convictions, can be dismissed from their employment.

27.     The School Board's apparent de *facto* rule and / or practice, whereby employees, merely charged with criminal offenses, without convictions, creates two distinct classes of employees, those employees who have been merely charged with criminal offenses and those employees who have not been charged.

28.     The School Board's *de facto* rule and / or practice, whereby employees, merely charged with criminal offenses, without convictions, can be dismissed from their employment, is not a rational means of advancing a legitimate state interest.

29.     A rule or regulation not reasonably related to a valid government interest may not stand in the face of a due process attack.

30.     A general classification of excluding employees from continued employment, is too broad, to be called "reasonable," when it leads to the automatic dismissal of numerous employees from public employment.

31.     A *de facto* rule and or practice, which bars an entire class of persons from continued public employment, without any consideration of the merits of each individual case, is irrational and hence, it violates basic and fundamental due

process principles, as enumerated under Article I, Section 9 of the Florida Constitution and under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

32. As a direct result of her dismissal from continued employment with the Defendant, the Plaintiff has suffered public embarrassment, humiliation, great mental pain, great monetary loss, the loss of her ability to work in her chosen profession and the loss of her capability to fully function as a member of her community.

> **WHEREFORE**, the Plaintiff, Cherl Sears, requests the application of injunctive relief, enjoining the Defendant, the Broward County School Board, from continuing to violate her fundamental rights under the Due Process Clauses of the Florida and United States Constitutions, and further, the Plaintiff seeks continued employment as a substitute teacher, along with her seniority rights and all benefits associated with that position, together with the opportunity to be properly considered for full-time teaching positions; and in addition, the Plaintiff requests the following relief: lost wages and benefits associated with a full time position, as well as reasonable attorney's fees, costs, interest and any and all further relief, deemed to be just and proper by this Court.

### COUNT III

33. The Plaintiff restates and reavers the allegations contained in paragraphs 1 through 13 of the Second Amended Complaint, as if fully set forth herein.

34. The Plaintiff was discharged from her employment with the School Board because criminal allegations had been made against her; however, those allegations were subsequently dismissed.

35. The School Board apparently has a *de facto* rule and / or practice, whereby employees, merely charged with criminal offenses, without convictions, can be dismissed from their employment.

36. The School Board's apparent de *facto* rule and / or practice, whereby employees, merely charged with criminal offenses, without convictions, creates two distinct classes of employees, those employees who have been merely charged with criminal offenses and those employees who have not been charged.

37. The School Board's *de facto* rule and / or practice, whereby these two distinct classes of employees are created, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

38. A rule or regulation which serves no rational purpose, or which arbitrarily divides citizens into different classes and treats them differently violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

39. A general classification of excluding employees from continued employment, is too broad, and thus arbitrary, when it leads to the automatic dismissal of numerous employees from public employment.

40. A *de facto* rule and / or practice, which bars an entire class of persons from continued public employment, without any consideration of the merits of each individual case, is arbitrary, serves no valid governmental purpose and hence, it violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

41.    As a direct result of her dismissal from continued employment with the Defendant, the Plaintiff has suffered public embarrassment, humiliation, great mental pain, great monetary loss, the loss of her ability to work in her chosen profession and the loss of her capability to fully function as a member of her community.

> **WHEREFORE**, the Plaintiff, Cherl Sears, requests the application of injunctive relief, enjoining the Defendant, the Broward County School Board, from continuing to violate her fundamental rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and further, the Plaintiff seeks continued employment as a substitute teacher, along with her seniority rights and all benefits associated with that position, together with the opportunity to be properly considered for full-time teaching positions; and in addition, the Plaintiff requests the following relief: lost wages and benefits associated with a full time position, as well as reasonable attorney's fees, costs, interest and any and all further relief, deemed to be just and proper by this Court.

## COUNT IV

42.    The Plaintiff restates and reavers the allegations contained in paragraphs 1 through 13 of the Second Amended Complaint, as if fully set forth herein.

43.    The Plaintiff was barred from future full-time employment with the School Board because criminal allegations had been made against her; however, those allegations were subsequently dismissed.

44.    The School Board apparently has a *de facto* rule and / or practice, whereby employees, merely charged with criminal offenses, without convictions, can be excluded from future full-time employment.

45.   The School Board's apparent de *facto* rule and / or practice, whereby employees, merely charged with criminal offenses, without convictions, creates two distinct classes of employees, those employees who have been merely charged with criminal offenses and those employees who have not been charged.

46.   The School Board's *de facto* rule and / or practice, whereby employees, merely charged with criminal offenses, without convictions, can be excluded from future full-time employment, is not a rational means of advancing a legitimate state interest.

47.   A rule or regulation not reasonably related to a valid government interest may not stand in the face of a due process attack.

48.   A general classification of excluding employees from future full-time employment, is too broad, to be called "reasonable," when it leads to the automatic exclusion of numerous employees from public employment.

49.   A *de facto* rule and or practice, which bars an entire class of persons from future full-time public employment, without any consideration of the merits of each individual case, is irrational and hence, it violates basic and fundamental due process principles, as enumerated under Article I, Section 9 of the Florida Constitution and under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

50.   As a direct result of being barred from future full-time employment with the Defendant, the Plaintiff has suffered public embarrassment, humiliation, great

mental pain, great monetary loss, the loss of her ability to work in her chosen profession and the loss of her capability to fully function as a member of her community.

> **WHEREFORE**, the Plaintiff, Cherl Sears, requests the application of injunctive relief, enjoining the Defendant, the Broward County School Board, from continuing to violate her fundamental rights under the Due Process Clauses of the Florida and United States Constitutions, and further, the Plaintiff seeks the opportunity to be properly considered for full-time teaching positions; and in addition, the Plaintiff requests the following relief: lost wages and benefits associated with a full-time position, as well as reasonable attorney's fees, costs, interest and any and all further relief, deemed to be just and proper by this Court.

## COUNT V

51.    The Plaintiff restates and reavers the allegations contained in paragraphs 1 through 13 of the Complaint, as if fully set forth herein.

52.    The Plaintiff was barred from future full-time employment with the School Board because criminal allegations had been made against her; however, those allegations were subsequently dismissed.

53.    The School Board apparently has a *de facto* rule and / or practice, whereby employees, merely charged with criminal offenses, without convictions, can be excluded from future full-time employment.

54.    The School Board's apparent de *facto* rule and / or practice, whereby employees, merely charged with criminal offenses, without convictions, creates two distinct

classes of employees, those employees who have been merely charged with criminal offenses and those employees who have not been charged.

55. The School Board's *de facto* rule and / or practice, whereby these two distinct classes of employees are created, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

56. A rule or regulation which serves no rational purpose, or which arbitrarily divides citizens into different classes and treats them differently, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

57. A general classification of excluding employees from full-time employment is too broad, and thus arbitrary, when it leads to the automatic exclusion of numerous employees from public employment.

58. A *de facto* rule and / or practice, which bars an entire class of persons from future full-time public employment, without any consideration of the merits of each individual case, is arbitrary, it serves no valid governmental purpose and hence, it violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

59. As a direct result of being barred from future full-time employment with the Defendant, the Plaintiff has suffered public embarrassment, humiliation, great mental pain, great monetary loss, the loss of her ability to work in her chosen profession and the loss of her capability to fully function as a member of her community.

**WHEREFORE**, the Plaintiff, Cherl Sears, requests the application of injunctive relief, enjoining the Defendant, the Broward County School Board, from continuing to violate her fundamental rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and further, the Plaintiff seeks the opportunity to be properly considered for full-time teaching positions; and in addition, the Plaintiff requests the following relief: lost wages and benefits associated with a full time position, as well as reasonable attorney's fees, costs, interest and any and all further relief, deemed to be just and proper by this Court.

Respectfully submitted,

Mark J. Berkowitz, P.A.
524 S. Andrews Avenue
Suite 200N
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 463-5428 Telecopier
Fla. Bar No. 369391

By: Mark J. Berkowitz

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent by regular mail on this 7th day of December, 1999, to Gordon Rogers, Esq. and John Walker, Esq., Muller, Mintz, et al., 200 S. Biscayne Blvd., Suite 3600, Miami, Florida 33131.

Mark J. Berkowitz

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 99-3785-CACE 07

GENERAL JURISDICTION DIVISION

CHERL SEARS,
        Plaintiff,

vs.

THE SCHOOL BOARD OF BROWARD
COUNTY,
        Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND

THIS CAUSE came before the COURT upon the Motion of the Plaintiff, Cherl Sears, For Leave To Amend The Complaint. After reviewing the file and being otherwise duly advised, IT IS HEREBY ORDERED AND ADJUDGED THAT THE MOTION IS

*GRANTED*

Done and Ordered in chambers, at Ft. Lauderdale, Broward County, Florida on this 21 day of December, 1999.

_____
MILLER, JUDGE
CIRCUIT COURT JUDGE

cc:    Mark J. Berkowitz, Esq.
        John Walker, Esq.

CIVIL COVER SHEET

00-6017 CIV-ZLOCH

MAGISTRATE JUDGE
SELTZER

JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| ) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHERL SEARS | THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA |

COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Broward County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Broward County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-100KTH-6017 ZLOCH /BSS

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark J. Bercowitz, Esquire
524 South Andrews Avenue, Suite 200N
Fort Lauderdale, Fl. 33301 (954) 527-0570

ATTORNEYS (IF KNOWN)  John A. Walker, Esquire
Gordon D. Rogers, Esquire
200 South Biscayne Blvd., Suite 3600
Miami, Fl. 33131 (305) 358-5500 (954) 522-0393

NPGHT BOX
FILED

) CIRCLE COUNTY WHERE ACTION AROSE:
DE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

JAN 5 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

| . BASIS OF JURISDICTION | III. CITIZENSHIP OF PRINCIPAL PARTIES | | | (PLACE AN X IN ONE BOX FOR Plaintiffs | | |
|---|---|---|---|---|---|---|
| ACE AN X ONE BOX ONLY) | (For Diversity Case Only) | PTF | DEF | BOX FOR DEFENDANT) | PTF | DEF |
| 1. U.S. Government  Plaintiff | 🗶 3. Federal Question  (U.S. Government Not a Party) | Citizen of This State  ☐ 1 | ☐ 1 | Incorporated or Principal Place of  Business in This State | ☐ 4 | ☐ 4 |
| 2. U.S. Government  Defendant | ☐ 4. Diversity  (Indicate Citizenship of Parties in Item III) | Citizen of Another State  ☐ 2 | ☐ 2 | Incorporated and Principal Place of  Business in Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a  Foreign Country  ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.) NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Alleged violations of due process clause of United States Constitution.

a. _____ days estimated (for both sides) to try entire case

NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | | A OTHER STATUS |
|---|---|---|

| A CONTACT | TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY  ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability  ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending B | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 380 Other Personal Property Damage | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| 180 Other Contract | ☐ 360 Other Personal Injury  ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| 195 Contract Product Liability | | ☐ 720 Labor/Mgmt Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| 210 Land Condemnation | ☐ 441 Voting  (Constitutional) | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| 220 Foreclosure B | 🗶 442 Employment due process  ☐ 530 General * | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations  ☐ 535 Death Penalty | | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | ☐ 444 Welfare  ☐ 540 Mandamus & Other * | | | | ☐ 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | ☐ 440 Other Civil Rights violations  ☐ 550 Civil Rights * | | | | ☐ 890 Other Statutory Actions * |
| 290 All Other Real Property | | * A or B | | | * A or B |

| . ORIGIN | (PLACE AN X IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|---|
| 1. Original  Proceeding | 🗶 2 Removed From  State Court | 3. Remanded from  Appellate Court | 4. Reinstated or  Reopened | 6. Multidistrict Litigation | 7. Appeal to District Judge from  Magistrate Judgment |
| | | | 5. Transferred from another district (Specify) | | |

| II. REQUESTED  IN COMPLAINT | CHECK IF THIS IS A  ☐ UNDER F.R.C.P. 23 | CLASS ACTION | DEMAND $ | Check YES only if demanded in complaint | ☐ YES |
|---|---|---|---|---|---|
| | | | | JURY DEMAND: | ☐ NO |

VIII. RELATED
CASE(S) IF ANY   (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 1/5/00

SIGNATURE OF ATTORNEY OF RECORD
John A. Walker

UNITED STATES DISTRICT COURT
F-1-2
CV 9/94

FOR OFFICE USE ONLY: Receipt No. 518229

Date Paid: 1/6/00

Amount: 150.00

M/ilp: