UNITES STATES DISTRICT COURT
~~SOUTHERN DISTRICT OF FLORIDA~~
NORTHERN DIVISION

CASE NO. 00-6017-CIV-ZLOCH/SELTZER

CHERL SEARS,                        )
                                    )
                Plaintiff,          )
                                    )
v.                                  )
                                    )
THE SCHOOL BOARD OF BROWARD         )
COUNTY, FLORIDA,                    )
                                    )
                Defendant.          )
_____)

**NIGHT BOX
FILED**

**JAN 1 2 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, the SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, ("School Board"), through its counsel Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., answers the Second Amended Complaint filed herein ("Complaint") and raises valid and complete affirmative defenses thereto, stating as follows:

1.    In response to the allegations set forth in numbered paragraph 1 of the Complaint, Defendant admits, subject to its affirmative defenses set forth herein-below, that Plaintiff has commenced this action seeking damages for alleged violations of her constitutional rights but denies the existence of any legal or factual basis for the claims asserted by Plaintiff herein.

2.    In response to the allegations set forth in numbered paragraph 2 of the Complaint, Defendant admits, subject to its affirmative defenses set forth herein-below, that the Court has jurisdiction over the claims alleged in the Complaint.

3.      In response to the allegations set forth in numbered paragraph 3 of the Complaint, Defendant admits that Plaintiff was previously employed by Defendant as a substitute teacher. Defendant is unable to ascertain from the Complaint what times Plaintiff deems "material" and therefore denies such allegation.

4.      In response to the allegations set forth in numbered paragraph 4 of the Complaint, Defendant admits the allegations set forth therein with the caveat that Defendant exists pursuant to the provisions of Article 9 of the Florida Constitution and is governed by the laws and regulations of the State of Florida.

5.      In response to the allegations set forth in numbered paragraph 5 of the Complaint, Defendant denies the allegations therein.  Defendant affirmatively states that it intermittently employed Plaintiff as a substitute teacher at various times from February 10, 1992 until October 1, 1996, from July 1, 1997 to September 30, 1997, and from August 25, 1998 to October 5, 1998.

6.      In response to the allegations set forth in numbered paragraph 6 of the Complaint, Defendant denies the allegations therein.  Defendant affirmatively states that Plaintiff was employed by the School Board as a "pool substitute" teacher from October 2, 1996 to June 13, 1997, and from October 1, 1997 to March 1, 1998.

7.      In response to the allegations set forth in numbered paragraph 7 of the Complaint, Defendant denies the allegations therein.  Defendant affirmatively states that Plaintiff was employed as an "interim substitute" teacher in the exceptional student education program from March 2, 1998 until June 12, 1998.

8.      In response to the allegations set forth in numbered paragraph 8 of the Complaint, Defendant is without knowledge as to whether or not Plaintiff currently possesses a proper teaching certification, and therefore denies said allegation.

9.      In response to the allegations set forth in numbered paragraph 9 of the Complaint, Defendant admits that Plaintiff was encouraged at or about the time alleged in the Complaint to apply for a regular full-time teaching position with the School Board. Defendant denies that Plaintiff was ever offered a full time teaching position with the School Board and affirmatively states that only the elected School Board can make an offer of employment, upon recommendation of the Superintendent, under Florida law.

10.     In response to the allegations set forth in numbered paragraph 10 of the Complaint, Defendant admits that Plaintiff's application for a full-time teaching position with the School Board was rejected based, in part, upon her 1995 arrest for narcotics possession. Defendant denies that Plaintiff's application was based solely upon that arrest as alleged in the Complaint.

11.     In response to the allegations set forth in numbered paragraph 11 of the Complaint, Defendant admits that it became aware as the result of a statutorily required criminal background check that Plaintiff's arrest did not result in a conviction and that the charges were dismissed because she completed a pre-trial intervention program.

12.     In response to the allegations set forth in numbered paragraph 12 of the Complaint, Defendant admits that after it became aware of Plaintiff's 1995 narcotics arrest and the factual circumstances surrounding that incident, Defendant did not permit Plaintiff to resume "any substitute teacher assignments" with the School Board. Defendant denies that this decision was based "solely upon the 1995 arrest."

13.    In response to the allegations set forth in numbered paragraph 13 of the Complaint, Defendant admits after Plaintiff's application for a full-time teaching position was rejected, representatives and/or employees of Defendant advised Plaintiff that she could re-apply for a teaching position the following school year.

14.    Defendant answers the allegations incorporated by reference in numbered paragraph 14 of the Complaint consistent with its specific responses set forth herein above.

15.    In response to the allegations contained in numbered paragraph 15 of the Complaint, Defendant admits the general legal proposition that a public employee "may establish an entitlement to procedural due process under the Florida and United States Constitutions by showing the existence of a property interest in his or her position[,]" but denies the existence of any legal or factual basis for such a property interest claim by Plaintiff.

16.    In response to the allegations contained in numbered paragraph 16 of the Complaint, Defendant denies, as overly broad, the general legal proposition set forth therein and further denies the existence of any legal or factual basis for such a property interest claim by Plaintiff.  Therefore, Defendant denies said allegation.

17.    In response to the allegations contained in numbered paragraph 17 of the Complaint, Defendant admits the generalized legal proposition that "[p]roperty interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Defendant denies the existence of any legal or factual basis for such a property interest claim by Plaintiff.  All remaining allegations or inferences contained in numbered paragraph 17 of the Complaint not specifically admitted herein are denied.

18.     In response to the allegations contained in numbered paragraph 18 of the Complaint, Defendant admits the allegations set forth therein.

19.     In response to the allegations contained in numbered paragraph 19 of the Complaint, Defendant denies that Section 231.36 (f), Florida Statutes exists and attributes Plaintiff's misstatement to a typographical error. Defendant admits that Section 231.36, Florida Statutes (1998 Supp.) contains numerous procedural protections for full-time instructional staff but affirmatively states that the face of Plaintiff's Complaint shows such protections have no application to her because her status was, at all times, that of a substitute teacher. Accordingly, Defendant denies the erroneous legal conclusions set forth in the remainder of that paragraph and further denies that Plaintiff had any constitutionally protected interest in continued employment as a substitute teacher.

20.     Defendant denies the allegations set forth in numbered paragraph 20 of the Complaint.

21.     Defendant denies the allegations set forth in numbered paragraph 21 of the Complaint. Defendant affirmatively states that Plaintiff, as an untenured employee, had no property interest in her position and therefore had no constitutional entitlement to procedural due process prior to recission of her authorization to work as a substitute teacher. Further, Defendant affirmatively states that Plaintiff was afforded an informal hearing by Defendant at which she was given the opportunity to "tell her side of the story" concerning the facts underlying the 1995 narcotics arrest.

22.     Defendant denies the allegations set forth in numbered paragraph 22 of the Complaint.

- 5 -

23.    Defendant denies the allegations set forth in numbered paragraph 23 of the Complaint. In response to the allegations set forth in the unnumbered "WHEREFORE" clause which immediately follows numbered paragraph 23, Defendant denies that Plaintiff is entitled to any of the relief sought therein or any relief at all in this action.

24.    Defendant answers the allegations incorporated by reference in numbered paragraph 24 of the Complaint consistent with its specific responses set forth herein above.

25.    In response to the allegations set forth in numbered paragraph 25 of the Complaint, Defendant denied that Plaintiff was ever discharged from employment. Defendant admits that it did not permit Plaintiff to resume "any substitute teacher assignments" with the School Board after it became aware of Plaintiff's 1995 narcotics arrest and the factual circumstances surrounding that incident. However, Defendant denies that this decision was made solely because Plaintiff was arrested in 1995. Defendant also admits that it became aware as the result of a statutorily required criminal background check that Plaintiff's arrest did not result in a conviction and that the charges against her had been dismissed because she completed a pre-trial intervention program.

26.    Defendant denies the allegations set forth in numbered paragraph 26 of the Complaint.

27.    Defendant denies the allegations set forth in numbered paragraph 27 of the Complaint.

28.    Defendant denies the allegations set forth in numbered paragraph 28 of the Complaint.

29.    Defendant denies the allegations set forth in numbered paragraph 29 of the Complaint as overly broad and an incorrect statement of the law.

30.   Defendant denies the allegations set forth in numbered paragraph 30 of the Complaint.

31.   Defendant denies the allegations set forth in numbered paragraph 31 of the Complaint.

32.   Defendant denies the allegations set forth in numbered paragraph 32 of the Complaint. In response to the allegations set forth in the unnumbered "WHEREFORE" clause which immediately follows numbered paragraph 32, Defendant denies that Plaintiff is entitled to any of the relief sought therein or any relief at all in this action.

33.   Defendant answers the allegations incorporated by reference in numbered paragraph 33 of the Complaint consistent with its specific responses set forth herein above.

34.   In response to the allegations set forth in numbered paragraph 34 of the Complaint, Defendant denied that Plaintiff was ever discharged from employment. Defendant admits that it did not permit Plaintiff to resume "any substitute teacher assignments" with the School Board after it became aware of Plaintiff's 1995 narcotics arrest and the factual circumstances surrounding that incident. However, Defendant denies that this decision was made solely because of Plaintiff's 1995 narcotics arrest.

35.   Defendant denies the allegations set forth in numbered paragraph 35 of the Complaint.

36.   Defendant denies the allegations set forth in numbered paragraph 36 of the Complaint.

37.   Defendant denies the allegations set forth in numbered paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in numbered paragraph 38 of the Complaint as overly broad and an incorrect statement of the law applicable to Plaintiff's claim that she was denied equal protection of the law.

39. Defendant denies the allegations set forth in numbered paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in numbered paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in numbered paragraph 41 of the Complaint. In response to the allegations set forth in the unnumbered "WHEREFORE" clause which immediately follows numbered paragraph 41, Defendant denies that Plaintiff is entitled to any of the relief sought therein or any relief at all in this action.

42. Defendant answers the allegations incorporated by reference in numbered paragraph 42 of the Complaint consistent with its specific responses set forth herein above.

43. Defendant denies that Plaintiff was "barred from future employment with the School Board" and affirmatively states that Plaintiff avers otherwise in paragraph numbered 13 of her Complaint.

44. Defendant denies the allegations set forth in numbered paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in numbered paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in numbered paragraph 46 of the Complaint.

- 8 -

47.    Defendant denies the allegations set forth in numbered paragraph 47 of the Complaint as overly broad and an incorrect statement of the law applicable to substantive due process claims.

48.    Defendant denies the allegations set forth in numbered paragraph 48 of the Complaint.

49.    Defendant denies the allegations set forth in numbered paragraph 49 of the Complaint.

50.    Defendant denies the allegations set forth in numbered paragraph 50 of the Complaint. In response to the allegations set forth in the unnumbered "WHEREFORE" clause which immediately follows numbered paragraph 50, Defendant denies that Plaintiff is entitled to any of the relief sought therein or any relief at all in this action.

51.    Defendant answers the allegations incorporated by reference in numbered paragraph 51 of the Complaint consistent with its specific responses set forth herein above.

52.    In response to the allegations set forth in numbered paragraph 52 of the Complaint, Defendant denies that Plaintiff was barred from future employment with the School Board and affirmatively states that Defendant had no legal obligation to hire Plaintiff and that Plaintiff, by her own admission, was encouraged to apply for full time employment the following school year. See Complaint at ¶ 13.

53.    Defendant denies the allegations set forth in numbered paragraph 53 of the Complaint.

54.    Defendant denies the allegations set forth in numbered paragraph 54 of the Complaint.

55.    Defendant denies the allegations set forth in numbered paragraph 55 of the Complaint.

56.    Defendant denies the allegations set forth in numbered paragraph 56 of the Complaint.

57.    In response to the allegations set forth in numbered paragraph 57 of the Complaint Defendant denies, as overly broad and an incorrect statement of the law applicable to Equal Protection Claims predicated upon the Fourteenth Amendment to the United States Constitution; particularly those which do not involve suspect classifications such as race or gender. Therefore, Defendant denies said allegation.

58.    Defendant denies the allegations set forth in numbered paragraph 58 of the Complaint.

59.    Defendant denies the allegations set forth in numbered paragraph 59 of the Complaint. In response to the allegations set forth in the unnumbered "WHEREFORE" clause which immediately follows numbered paragraph 59, Defendant denies that Plaintiff is entitled to any of the relief sought therein or any relief at all in this action.

60.    All allegations of the Complaint not specifically admitted herein are hereby denied.

WHEREFORE, having fully answered the Complaint herein, Defendant asserts the following valid and complete affirmative defenses thereto, stating as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

61.    The Complaint as a whole fails to state a claim upon which relief could be granted because the face of the Complaint shows that as a former substitute teacher, Plaintiff had no

- 10 -

constitutionally protected property interest in continued employment with the School Board and was not entitled to due process upon revocation of her authorization to work as a substitute teacher. Plaintiff's status was, at all times material, that of an "at-will" employee as a matter of law. Further, presuming solely for purposes of argument that Plaintiff was entitled to some kind of hearing, Defendant complied with that obligation by providing Plaintiff with an individualized review of her circumstances by a review panel and by permitting her to appeal that panel's decision to a designee of the Superintendent of Schools.

## SECOND AFFIRMATIVE DEFENSE

62.    The Complaint as a whole fails to state a claim upon which relief could be granted for alleged denial of substantive due process because there was clearly a rational basis for Defendant's employment decisions with regard to Plaintiff, and all such decisions were rationally related to a legitimate state purpose.

## THIRD AFFIRMATIVE DEFENSE

63.    Defendant asserts that the Complaint as a whole fails to state a claim upon which relief could be granted because Plaintiff's own allegations show that the Defendant has no "de facto" rule or policy of refusing to employ persons with a history of narcotics arrests without convictions due to participation in drug rehabilitation programs. Plaintiff's own Complaint shows at numbered paragraph 13 that she was encouraged to apply for a teaching position the following school year. Accordingly, Plaintiff is estopped from maintaining the instant action. Alternatively, Plaintiff lacks standing to maintain the instant action because she cannot show that she was injured by any rule or de-facto policy attributable to Defendant.

### FOURTH AFFIRMATIVE DEFENSE

64.    Defendant asserts that the Complaint as a whole fails to state a claim upon which relief could be granted because it is settled law that the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution (1968) are not self-executing. Plaintiff does not purport to rely upon 42 U.S.C. §1983 for any of her Federal Claims and has not alleged any statutory basis under Florida law which would authorize an action predicated directly upon the Florida Constitutional provision.

### FIFTH AFFIRMATIVE DEFENSE

65.    Defendant asserts that the Complaint as a whole fails to state a claim upon which relief could be granted because Plaintiff cannot show that her alleged injuries were caused by any officially adopted or sanctioned policy of Defendant; nor any action by any official of Defendant with final policymaking authority under 42 U.S.C. §1983. Further, it is well settled that a local governmental body, such as a School Board, cannot be held liable under 42 U.S.C. § 1983 based upon respondeat superior.

### SIXTH AFFIRMATIVE DEFENSE

66.    Defendant asserts that Plaintiff's claims are barred in whole or in part because she failed to exhaust her administrative remedies before Defendant under Chapter 120, Florida Statutes (1998 Supp.).

### SEVENTH AFFIRMATIVE DEFENSE

67.    Defendant asserts that Plaintiff is not entitled to injunctive relief because she has an adequate remedy at law and, thus, will not suffer irreparable harm if injunctive relief is not granted.

- 12 -

Further, injunctive relief is unwarranted because Plaintiff cannot establish that she would ever have been hired as a full-time teacher.

### EIGHTH AFFIRMATIVE DEFENSE

68.    Defendant asserts that all employment-related decisions made with respect to Plaintiff or which affected Plaintiff, were made in good faith for legitimate, nondiscriminatory reasons. Defendant further asserts that ever if constitutionally prohibited factors were considered with respect to Plaintiff, Defendant would have taken the same actions even in the absence of those factors.

### NINTH AFFIRMATIVE DEFENSE

69.    Defendant asserts that Plaintiff has failed to mitigate her alleged damages, if any.

### TENTH AFFIRMATIVE DEFENSE

70.    Defendant asserts that the instant action is barred because Plaintiff never reapplied for employment as a substitute teacher or otherwise, in spite of the fact that she was, by her own admission, encouraged to reapply for the following school year.  Accordingly, any damages suffered by Plaintiff were caused by her own actions and not the proximate result of any action of Defendant.

71.    Defendant reserves the right to raise additional affirmative defenses as discovery may reveal.

WHEREFORE, having answered the Complaint herein and having raised valid and complete affirmative defenses thereto, Defendant requests that this entire action be dismissed and that Defendant be awarded its costs and reasonable attorney's fees incurred in the defense thereof.

|  |  |
|---|---|
| Suite 3600 | MULLER, MINTZ, KORNREICH, CALDWELL, |
| First Union Financial Center | CASEY, CROSLAND & BRAMNICK, P.A. |
| 200 South Biscayne Boulevard |  |
| Miami, Florida 33131-2338 |  |
| (305) 358-5500 (Miami-Dade) | By _____ |
| (954) 522-0393 (Broward) | Gordon D. Rogers, Esquire |
| (305) 379-3802 (Fax) | grogers@mullermintz.com |
|  | Florida Bar No. 240168 |
|  | By _____ |
|  | John A. Walker |
|  | jwalker@mullermintz.com |
|  | Florida Bar No. 0086754 |
|  | Counsel for Defendant |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document has been furnished to Mark J. Berkowitz, Esquire, Mark J. Berkowitz, P.A., Counsel for Plaintiff, Suite 200N, 524 South Andrews Avenue, Fort Lauderdale, Florida 33301, by mail, this _____ day of January, 2000.

_____
John A. Walker