NIGHT BOX FILED
DEC 1 4 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CHERL SEARS,
Plaintiff,

CASE NO. 00-6017-CIV-DIMITRIOULEAS
MAGISTRATE JUDGE SELTZER

vs.

THE SCHOOL BOARD OF
BROWARD COUNTY, FLORIDA,
Defendant.
_______________________________/

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Cherl Sears, by and through her undersigned counsel, and pursuant to Local Rule 7.6 of the Local Rules of the United States District Court for the Southern District of Florida and Fed.R.Civ. P. 56(c), hereby files this Memorandum of Law In Support Of Her Motion For Summary Judgment. To support the Motion, the Plaintiff would show the Court as follows:

**I.**
**PRELIMINARY STATEMENT**

The critical issue in this case is whether or not the policies and or procedures of the Defendant's Security Clearance Committee fails to satisfy equal protection and due process requirements. The Defendant's rationale for the rejection of the Plaintiff's application for full time and or part-time employment was either her alleged commission of a criminal offense, whether recorded, or adjudicated, or not, or an "in all the circumstances approach," where the criminal offense is allegedly only one factor which is



taken into consideration, in the application process. **[See, the deposition of Gracie Diaz, at pps. 8-10, 34].**

Neither rationale can pass constitutional muster. First, a criminal offense, not resulting in a conviction should not disqualify an applicant from public employment. Second, an in "all the circumstances approach," which may give different relative weight to for example, misdemeanor and felony offenses, without any standards or criteria guiding the decision-makers, violates fundamental due process principles. The Defendant's internal review process and its reasoning, in denying SEARS' application for continued employment was arbitrary, unreasonable and not rationally related to a legitimate governmental objective.

## II. MEMORANDUM OF LAW

### A) THE STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper only if the record before the Court shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The purpose of summary judgment is "to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus.Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and to identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, if any, which it believes demonstrate the absence of a general issue of material fact. Celotex, Corp., supra, at 323; see also, Goree v. Winebago Indus. Inc., 958 F.2d 1537, 1539 (11th Cikr. 1992)

If the movant successfully discharges this initial burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the non-movant's case. See, Thompson v. Metropolitan Multi-List, Inc., 934 F.2d 1566, 1583 n. 16 (11th Cir. 1991). The non-moving party must do more than rely solely on its pleadings, and simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., 127 F.3d 1410, 1413 (11th Cir. 1997). Moreover, the non-moving party must raise "significant probative evidence that is sufficient for the jury to enter a verdict for that party." Moses v. American Nonwovens, Inc., 97 F.3d 446, 447 (11th Cir. 1996), cert. den., 117 S.Ct. 964 (1997).

In such a situation, there can be "no genuine issue as to any material fact," because a complainant's failure of proof concerning an essential element of the non-moving party's case, necessarily renders all other facts to be immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed

to make a sufficient showing on an essential element of her case, with respect to which, she has the burden of proof. Celotex Corp., supra, at 322-23. In making this determination, the Court must view all evidence and make all reasonable inferences in favor of the party opposing the summary judgment. See, Dibrell Bros. International, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994).

B) SUMMARY JUDGMENT SHOULD BE GRANTED FOR THE PLAINTIFF

The Fourteenth Amendment is a general prohibition against arbitrary and unreasonable government action. Slochower v. Board of Education, 350 U.S. 551 (1956). In dealing with applications for public employment, it is axiomatic that agencies must act "in a manner which is neither arbitrary nor unreasonable." This principle was clearly enunciated in Thompson v. Gallagher, 489 F.2d 443, 447 (5th Cir. 1973)[1]:

> Just as a public employee does not give up his First Amendment right when he begins receiving a pay check from the government, neither does he give up his right to due process of law. The Fourteenth Amendment stands for the proposition that the government must act, when it acts, in a manner which is neither arbitrary nor unreasonable.

An agency of the state "may not arbitrarily refuse an individual an opportunity to work in public service." Lindquist v. City of Coral Gables, 323 F.Supp. 1161, 1163 (S.D.Fla. 1971). The Supreme Court has held that statutes affecting constitutional rights must be drawn with "precision." NAACP v. Button, 371 U.S. 415 (1963). The applicable

---

1 The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), adopted as binding precedent, decisions of the former Fifth Circuit prior to October 1, 1981.

statutes must be tailored to serve legitimate objectives. Shapiro v. Thompson, 394 U.S. 618 (1969).

In Cleveland Board of Education v. LeFleur, 414 U.S. 632 (1974), the Court held that the mandatory leave provisions of the school board violated the due process clause because of the lack of a rational nexus between the arbitrary cut-off date and the state's interest in maintaining continuity of instruction.

> While it might be easier for the school boards to conclusively presume that all pregnant women are unfit to teach past the fourth or fifth month or even the first month of pregnancy, administrative convenience alone is insufficient to make valid what otherwise is a violation of due process of law. The Fourteenth Amendment requires the school boards to employ alternative administrative means, which do not so broadly infringe upon basic constitutional liberty, in support of their legitimate goals.

Similarly, in Shelton v. Tucker, 364 U.S. 479, 488 (1960), the Supreme Court definitively held that broad legislative enactments which prohibit people from obtaining public employment are arbitrary, unreasonable and incapable of passing constitutional muster.

> In a series of decisions this Court has held that, even though the governmental purpose be legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved. The breadth of legislative abridgement must be viewed in the light of less drastic means for achieving the same basic purpose.

If the Defendant's goal is only to expose school children to law abiding citizens, the policies of its administration and more specifically, the Security Clearance Committee, must be more narrowly tailored to accomplish this legitimate objective. The relevant testimony in this case from Gracie Diaz, the Defendant's Director of Instructional

Staffing, indicated that, in accordance with the Defendant's policies, "if there's reason to believe that there was probable cause or that there was information that substantiated that this occurred, that person (the applicant for employment) may be deemed unemployable." **[See, the Deposition of Gracie Diaz at p. 9.].** An arrest for an offense obviously does not certify that the alleged perpetrator had committed the act.

Moreover, an in all the circumstances approach, which may consider a criminal arrest as one of many factors in an employment decision, may be regarded as even more arbitrary and unreasonable. According to the Defendant's Personnel Hiring Guidelines,[2] the Security Clearance Committee may consider an applicant for employment if for example, a domestic violence arrest is more than five years old. The guidelines indicate that then other factors may be considered, but there is no set policy on precisely what other factors may be considered, or the weight which may be given to the other factors. **[See, the School Board of Broward County's Personnel Hiring Guidelines, attached to the Deposition of Gracie Diaz, as Exhibit 1].**

It is important to point out that category IV of these same personnel guidelines, indicates that a case by case review, and not a rule of automatic exclusion is appropriate for such arrests involving, for example, an "arrest with violence, or arrests involving "other criminal offenses." It is largely unclear as to why, an "arrest with violence," is not considered as serious by the school administration, as other listed offenses. Moreover, the term, "other criminal offenses," is a "catch-all" type phrase, and the observer cannot

discern specifically which types of criminal offenses are to be granted the "in all of the circumstances" analysis. This examination leads to the inescapable conclusion that SEARS was denied public employment based upon arbitrary and completely capricious policies and or procedures, in violation of fundamental due process considerations.

## III.
## CONCLUSION

The Defendant's Security Clearance Committee indeed has a responsibility to build a responsible workforce for the Broward County School District. However, less restrictive means are available to the Defendant in order to accomplish the legitimate objective of maintaining a qualified workforce.

The Defendant's application process for instructional staff clearly does not pass constitutional muster and hence, the Plaintiff's Motion For Summary Judgment should be granted. Therefore, in accordance with such a ruling, the Plaintiff should be eligible for re-employment with the Defendant and she should receive lost wages and benefits associated with the previous denial of continued employment.

[2] Ms. Diaz testified that the Personnel Hiring Guidelines simply memorialized the oral guidelines, which were in existence in October, 1998.

Respectfully submitted,

Mark J. Berkowitz, P.A.
524 S. Andrews Avenue
Suite 200N
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 463-5428 Telecopier
Fla. Bar No. 369391

By: Mark J. Berkowitz

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent by regular mail on this 15th day of December, 2000, to Gordon Rogers, Esq., Muller, Mintz, et al., First Union Financial Center, 200 S. Biscayne Blvd., Suite 3600, Miami, Florida 33131.

Mark J. Berkowitz