NIGHT BOX
· FILED ~.

DEC 1 4 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CHERL SEARS,
          Plaintiff,          CASE NO. 00-6017-CIV-DIMITRIOULEAS
                            MAGISTRATE JUDGE SELTZER

vs.

THE SCHOOL BOARD OF
BROWARD COUNTY, FLORIDA,
          Defendant.
_____/

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

        Plaintiff, Cherl Sears, by and through her undersigned counsel, and pursuant to Local Rules 7.1 and 7.5 of the Local Rules of the United States District Court for the Southern District of Florida, hereby files this Statement of Material Facts In Support Of Her Motion For Summary Judgment.

        The Plaintiff, Cherl Sears (hereinafter, referred to as, "SEARS"), had been employed, over a rather extensive period of time, as a substitute teacher for the Broward County School Board. **[See, the Affidavit of Cherl Sears, attached hereto, as Exhibit A].** SEARS began working as a substitute teacher for the Defendant in 1992. **[See, the Affidavit of Cherl Sears, attached hereto, as Exhibit A].** Her status changed in October of 1996, and continuing through February of 1998, when she had been employed as a "pool substitute" teacher. **[See, the Affidavit of Cherl Sears, attached hereto, as Exhibit A].** From March of 1998 through October 5, 1998, the Defendant employed



1

SEARS as an "interim substitute teacher" in the exceptional student education program. **[See, the Affidavit of Cherl Sears, attached hereto, as Exhibit A]**.

During the 1998-1999 school year, the Defendant offered SEARS the opportunity to be hired as a permanent full-time teacher. **[See, the Affidavit of Cherl Sears, attached hereto, as Exhibit A]**. In October of 1998, SEARS possessed a two-year temporary teaching certificate, which entitled her to teach social science subjects and her teaching eligibility was consistent with other active working teachers. **[See, the Affidavit of Cherl Sears, attached hereto, as Exhibit A]**.[1]

However, the Plaintiff's application for a full-time teacher position was rejected and she was barred from being re-hired as a substitute teacher in the Broward County School System. **[See, the Affidavit of Cherl Sears, attached hereto, as Exhibit A]**. These rejections were primarily based upon the fact that SEARS had been arrested in 1995 for narcotics possession.[2]

The decision to reject the Plaintiff's application was initially made by the Defendant's Security Clearance Committee. **[See, the Deposition of Gracie Diaz, at p. 8]**.[3] That committee has guidelines and under Category II of those guidelines, a felony

---

[1]     See also, the Affidavits of Barbara H. Atkins and Cora Walls, attached hereto, as composite **Exhibit B**.

[2]     See, the Affidavit of Cherl Sears, attached hereto, as **Exhibit A**. The arrest did not result in a conviction and in fact, the charges were ultimately dismissed and expunged from the criminal court records.

[3]     No minutes are taken of the meetings of the Security Clearance Committee. **[See, the Deposition of Gracie Diaz, at p. 17]**. The Security Clearance Committee had the same concerns, underlying its decision

offense, which is less than ten-years old disqualifies an applicant from employment.[4]

However, Ms. Gracie Diaz, the Chairwoman of the Security Clearance Committee, and

the Defendant's Director of Instructional Staffing, maintained that at the time of the

SEARS application in October of 1998, there were no formal written guidelines[5] to assist

the Security Clearance Committee. **[See, the Deposition of Gracie Diaz, at p. 8].**[6]  But

Ms. Diaz subsequently admitted that "if there's reason to believe that there was probable

cause or that there was information that substantiated that this occurred, that person may

be deemed unemployable."[7]

SEARS appealed[8] the rejection of her employment application to the Associate

Superintendent of District Administration, Mr. Hal Blitman. **[See, the Deposition of**

---

when it refused to consider Ms. SEARS for a substitute teacher position. **[See, the Deposition of Gracie Diaz, at p. 28].**

[4]    See, **Exhibit No. 1.** attached to the Deposition of Gracie Diaz.

[5]    Ms. Diaz' testimony is somewhat contradictory, because she testified that some guidelines, as contained in the Personnel Division Handbook, were indeed in existence in October, 1998. **[See, the deposition of Gracie Diaz at p. 23 and Exhibit No. 6, attached to her deposition.]** Part IV(C)(1) of Security Clearance Procedure, as contained within the Personnel Division Handbook, barred those individuals who had been arrested for criminal offenses from employment. Ms. Diaz could not state with certainty whether this provision was in existence in October, 1998.

[6]    The guidelines admittedly codified the prior in practice principles, which were previously used by the Security Clearance Committee. **[See, the Deposition of Gracie Diaz at p. 10.].**

[7]    Despite this apparent rule of exclusion, Ms. Diaz went on to say "we (the Committee) did review them (applications) case by case." **[See, the Deposition of Gracie Diaz at p. 9.].** *According to this view, there are no identifiable standards to review an application and hence, an applicant is denied employment without any identifiable criteria.* **See, the Deposition of Gracie Diaz at p. 34.]**

[8]    No appeal procedures were formalized in writing. **[See, the Deposition of Gracie Diaz, attached hereto, at p. 30].**

Gracie Diaz, at p. 14]. The Plaintiff was not provided with any written guidelines on the appeal process. [See, the Deposition of Gracie Diaz, at p. 37].[9] At this initial appeal level, SEARS was not given the opportunity to formally address either the Security Clearance Committee or Mr. Blitman. [See, the Deposition of Gracie Diaz, at p. 18].[10]

The Defendant also maintains a Security Clearance Committee for non-instructional staff personnel. [See, the deposition of Gracie Diaz, attached hereto, at p. 27]. In October of 1998, the security guidelines for the non-instructional staff personnel were identical to the guidelines for the instructional staff personnel. [See, the deposition of Gracie Diaz, attached hereto, at p. 27]. Non-instructional staff personnel includes custodians, clerical employees, bus drivers and food service workers. [See, the deposition of Gracie Diaz, attached hereto, at p. 27].

Respectfully submitted,

Mark J. Berkowitz, P.A.
524 S. Andrews Avenue
Suite 200N
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 463-5428 Telecopier
Fla. Bar No. 369391

By: Mark J. Berkowitz

---

[9]    To the best of Ms. Diaz' knowledge, SEARS was not informed as to what kind of additional information she was to provide in the appeals process. [See, the Deposition of Gracie Diaz, at p. 30].

[10]    It is uncertain what criteria or standards would apply to deny an application in the appeal process, above the associate superintendent level. [See, the Deposition of Gracie Diaz, at p. 35].

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent by regular mail on this 15th day of December, 2000, to Gordon Rogers, Esq., Muller, Mintz, et al., First Union Financial Center, 200 S. Biscayne Blvd., Suite 3600, Miami, Florida 33131.

Mark J. Berkowitz

**EXHIBIT A**

## AFFIDAVIT OF CHERL SEARS IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

**STATE OF FLORIDA**
**COUNTY OF BROWARD**

**Before me**, the undersigned authority, personally appeared Cherl Sears, who, after being duly sworn, deposed and stated as follows:

1.  I am the Plaintiff in the case before the Court entitled, "Cherl Sears v. The School Board of Broward County," Case No. 00-6017-CIV-DIMITRIOULEAS.

2.  I had been employed as a substitute teacher, for the Broward County School Board (hereinafter, referred to as, the "SCHOOL BOARD"), beginning in 1992, and my employment status remained unchanged with the SCHOOL BOARD, until October of 1996.

3.  From October of 1996, through February of 1998, I had been employed as a "pool substitute" teacher for the Defendant SCHOOL BOARD.

4.  In March of 1998, and continuing until October 5, 1998, the Defendant SCHOOL BOARD employed me as an "interim substitute" teacher, in the exceptional student education program.

1

5.    In October of 1998, I possessed a two-year temporary teaching permit, which entitled her to teach social science subjects, in public school systems located within the State of Florida.

6.    During the 1998-1999-school term, the SCHOOL BOARD offered me the opportunity to be hired as a permanent full time teacher, to provide instruction in the social science curriculum, in public schools, administered by the SCHOOL BOARD in Broward County, Florida.

7.    My application contained numerous positive references in support of my candidacy.

8.    My application contained a complete and truthful description of the incident, which resulted in the arrest. **[See, the Police Report, attached hereto, as Exhibit 1]**

9.    The SCHOOL BOARD possessed a security clearance procedure, which penalized applicants who had been arrested, but who had not been convicted of a criminal offense. **[See, the Security Clearance Procedure, attached hereto, as Exhibit 2]**

10.   The SCHOOL BOARD also possessed Personnel Hiring Guidelines, relating to applicants who have a criminal history. **[See, the Personnel Hiring Guidelines, attached hereto, as Exhibit 3]**

11.    My application for a permanent teaching position was rejected by the SCHOOL BOARD, solely because of an arrest for narcotics possession in 1995.

12.    However, the arrest did not result in a conviction.

13.    The criminal charges were dismissed because of my successful participation in a pre-trial intervention program.

14.    Moreover, any evidence of the criminal charge was subsequently expunged from the criminal court records.

15.    The Security Clearance Committee of the SCHOOL BOARD rejected my application for a permanent full time teaching position because of the criminal charge.

16.    The Security Clearance Committee of the SCHOOL BOARD also prohibited me from reassuming my substitute teacher assignments, based upon the 1995 arrest.

17.    On December 10, 1998, the Security Clearance Committee of the SCHOOL BOARD denied my appeal of their decision. **[See, correspondence from the SCHOOL BOARD Security Committee, attached hereto, as Exhibit 5]**

**FURTHER AFFIANT SAYETH NOT.**

**CHERL SEARS**

**STATE OF FLORIDA**
**COUNTY OF BROWARD**

    **BEFORE ME**, the undersigned authority, personally appeared Cheryl Sears, on this 4th day of December, 2000, who is personally known to me, or who has produced _____, as identification, and after being by me first duly sworn, deposes and says that she has signed the foregoing affidavit in support of her Motion For Summary Judgment and that the representations contained therein are true and correct to the best of her knowledge, information and belief.

                                      Notary Public

                                  Mark J. Berkowitz
                                  Printed Notary Name

**My Commission Expires:**

Mark J Berkowitz
My Commission CC946491
Expires June 18, 2004

**EXHIBIT 1**

| ARREST NO. | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

DEFENDANT'S LAST NAME FIRST MIDDLE SUF. HGT. WGT. RC SEX D.O.B. OFFENSE REPORT ARRESTING OFFICER (S)/CCN

Sears, Dana | | | | 5'11" 198 M | | 95-5-1669 | R.H. Parr | 125

NAME OF VICTIM (IF CORPORATION, EXACT LEGAL NAME AND STATE OF INCORP.) ADDRESS PHONE #

Vincent Small (Deceased) 1909 NW 46 Ave, Lauderhill

| COUNT NO. | OFFENSES CHARGED | CITATION #, IF APPLICABLE | F.S. # OR CAPIAS/WARRAN |
|---|---|---|---|
| 1 | Murder | | 782.04 |
| | | | |
| | | | |
| | | | |
| | | | |

Before me this date personally appeared **Robert H. Parr** who being first duly

deposes and says that on **29** day **May**, 19 **95** at **4701 NW 14 St Lauderhill** (crime loca

above named defendant committed the above offenses charged and the facts showing probable cause to believe same are as follows:

Witness Asha Eubanks and Jermaine Prince were both se
in an automobile next to the crime scene. Both describe
the automobile driven by the shooter as white. Prince recall
that the shooter pulled a handgun from his waistband and
began beating the victim in the face and head with the g
while the victim pleaded with him to stop The shooter
fired one time striking the victim who was now on the
ground. The witness saw the victim walk across the road
and finally collapsed on a lawn.
Ft Lauderdale Police stopped the defendant who was
driving a white Cadillac with a blue fabric roof. Gold tri
ornaments with light window tint. The defendant was
arrested for a traffic offense and possession of crack
cocaine, at which time your Affiant was called & advise
Witness Eubanks and Prince reported that the shoot
looked similar to the person who committed the crime

I swear the above statement is correct and true to the best of my knowledge and belief.

OFFICER/AFFIANT'S SIGNATURE    R.H. Parr    1254    OFFICER'S NAME/CCN    OFFICER'S DIVISION

STATE OF _____ COUNTY OF _____

The foregoing instrument was acknowledged before me this **15** day of **June**, 19 **95** who is personally

known to me or who has produced (ID Type) _____ as identification and who _____ take an oath.

(DID OR DID NOT)    Police -266

DEPUTY CLERK OF THE COURT, NOTARY PUBLIC, OR ASSISTANT STATE ATTORNEY    TITLE OR RANK/CCN    (SEAL OR STAMP)

FIRST APPEARANCE/ARREST FORM

SEVENTEENTH JUDICIAL CIRCUIT
BROWARD COUNTY

Orig - Court
2nd - State Att.
3rd - Filing A
4th - Arrestin

0106

| DEFENDANT'S LAST NAME | FIRST | MIDDLE | SUF. | HGT. | WGT. | RC. | SEX | D.O.B. | OFFENSE REPORT | ARRESTING OFFICER (S) CCN |
|---|---|---|---|---|---|---|---|---|---|---|
| Seav, David | | | | 5'4" | 150 | B | M | 3/11/61 | 95-5-16657 | R.H. Pirr |

NAME OF VICTIM (IF CORPORATION, EXACT LEGAL NAME AND STATE OF INCORP.) Vincent Small    ADDRESS 1909 NW 46 Ave, Lauderhill    PHONE #

| COUNT NO. | OFFENSES CHARGED | CITATION #, IF APPLICABLE | F.S. # OR CAPIAS/WARRANT # |
|---|---|---|---|
| 1 | Murder | | 782.04 |
| | | | |
| | | | |
| | | | |

Before me this date personally appeared **Robert H. Pirr** who being first duly sw deposes and says that on **24** day **May**, 19**95** at **4701 NW 14 St Lauderhill** (crime location above named defendant committed the above offenses charged and the facts showing probable cause to believe same are as follows:

(supporting witness Samuels Positive Identification)
The defendant additionally made a comment to the transporting Ft Lauderdale Officer asking if we wishing to question him about a "Robbery or a Killin' No one mentioned either crime to him.
Broward Associate Medical Examiner Dr. Price advise that the victim died by a gunshot wound and the manner of death was ruled to be a Homicide.
Witness Samuels was shown a photo line up of the defendant's vehicle + stated it looked like the car she observed at the crime scene.
Defendant voluntarily submitted/demanded to a polygra examination. Upon conclusion, the results indicated the defendant was deceptive on key questions surrounding the shooting. Defendant denied all allegations regarding the shooting incident.

I swear the above statement is correct and true to the best of my knowledge and belief.

_____    **R.H. Pirr   12K**    _____
OFFICER/AFFIANT'S SIGNATURE    OFFICER'S NAME/CCN    OFFICER'S DIVISION

STATE OF _____    COUNTY OF _____

The foregoing instrument was acknowledged before me this **15** day of **JUNE**, 19**95**, who is personally known to me or who has produced (ID Type) _____ as identification and who (DID OR DID NOT) take an oath

_____    **PBL ii   26**    (SEAL OR STAMP)
DEPUTY CLERK OF THE COURT, NOTARY PUBLIC OR ASSISTANT STATE ATTORNEY    TITLE OR RANK/CCN

FIRST APPEARANCE/ARREST FORM

SEVENTEENTH JUDICIAL CIRCUIT
BROWARD COUNTY

Orig - Court
2nd - State Att.
3rd - Filing Agen
4th - Arresting A

0107

| FILING AGENT | | OFFENSE REPORT | | | | | | | OBTS. NO. | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

**DEFENDANT'S LAST NAME:** SEARS **FIRST:** DAVID **MIDDLE:** NMN **SUF:** **ALIAS/STREET NAME:** DAVE R.B.C.

| RC. | SEX | HGT. | EYES | HAIR | WGT. | COMP. | AGE | D.O.B. | BIRTHPLACE | SCARS, MARKS | CITIZENSHIP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| B | M | 5'4 | BRN | BLK | 135 | LT. | 28 | 3-11-67 | NASSAU, B.A.H. | RT AC RAW | |

**PERMANENT ADDRESS:** 4730 N.W. 11 DT ST. LAUDERHILL FL 33313

**LOCAL ADDRESS:** 4730 N W. 11 DT ST. L.-HILL

**PLACE OF EMPLOYMENT:** LASTER LAWN SER **LENGTH:** 2 Y.

| RESIDENCE TYPE: | (1) CITY | (2) COUNTY | (3) FLORIDA | (4) OUT-OF-STATE |
|---|---|---|---|---|

**HOW LONG DEFENDANT IN BROWARD COUNTY:** 8 YRS. **BREATHALYZER BY/CCN:** **READING:** **PLACE OF ARREST:** 1500 E. SUNRISE 6-14-95 **DATE/TIME ARRESTED:** **ARRESTING OFFICERS/CCN:** R.P. MART.

| OFFICER INJURED | UNIT | ZONE | BEAT | SHIFT | UNIT TRANSPORTING PRISONER | TRANSPORTING OFFICER/CCN | PICK-UP TIME: | DRUG T: |
|---|---|---|---|---|---|---|---|---|
| Y ☐ N ☒ | M-14 | 102 | PTR | 2 | | | TIME ARRIVED AT BSO | |

| TYPE | B-BARBITURATE | H-HALLUCINOGEN | P-PARAPHERNALIA/ | U-UNKNOWN | ACTIVITY | ACTMTY | S-SELL | A-SMUGGLE | M-MANUFACTURE/ | K-DISPENSE/ | OTHER | LOCATION OF: | Y | N | U |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| N-N/A | C-COCAINE | M-MARIJUANA | EQUIPMENT | Z-OTHER | | N-N/A | B-BUY | D-DELIVER | PRODUCE/ | DISTRIBUTE | | ALCOHOL INFLUENCE | ☐ | ☐ | ☐ |
| A-AMPHETAMINE | E-HEROIN | O-OPIUM | S-SYNTHETIC | | | P-POSSESS | T-TRAFFIC | E-USE | CULTIVATE | | | DRUG INFLUENCE | ☐ | ☐ | ☐ |

**DEFENDANT'S VEHICLE MAKE:** **TYPE:** **COLOR:**

**DEFENDANT'S:** **VEHICLE TOWED TO** RPD

| NAME OF VICTIM (IF CORPORATION, EXACT LEGAL NAME AND STATE OF INCORP.) | ADDRESS | PHONE # |
|---|---|---|
| | | |

| COUNT NO. | OFFENSES CHARGED | CITATION #, IF APPLICABLE | F.S. # OR CAPIAS/WARRANT # |
|---|---|---|---|
| 1 | OPERATING VEH. AGAINST RESTRICTIONS (BUSINESS PURPOSES ONLY) | 281816-K | 322.16 |
| 2 | POSSESSION OF COCAINE | | |

Before me this date personally appeared RICHARD F. MARTIN who, being first duly deposes and says that on 14 day of JUNE 19 95 at 1500 E. SUNRISE BLVD. FT. LAUDERDALE, BROWARD COUN above named defendant committed the above offenses charged and the facts showing probable cause to believe same are as follows:

THE UNDERSIGNED OFFICER + OFF. D. PORIO INITIALLY OBSERVED THE ARRESTED VEHICLE IN THE 2300 BLK OF N.W. 19TH ST. AS IT W EASTBOUND. THE VEHICLE FIT THE DESCRIPTION OF A VEHICLE T WAS A SUSPECT VEHICLE IN A HOMICIDE WHICH BSO WAS HAN LINE. DET. PARR OF BSO HAD GIVEN THESE OFFICERS CONTINUE

I swear the above statement is correct and true to the best of my knowledge and belief.

**OFFICER/AFFIANT'S SIGNATURE:** Martin **OFFICER'S NAME/CCN:** K.P. MARTIN 514 **OFFICER'S DIVISION:** PATROL

STATE OF ___ COUNTY OF ___

The foregoing instrument was acknowledged before me this 15 day of JUNE, 19 95 who is personally known to me or who has produced (ID Type) ___ as identification and who ___ (DID OR DID NOT) took an oath.

(SEAL OR STAMP)

**DEPUTY CLERK OF THE COURT, NOTARY PUBLIC OR ASSISTANT STATE ATTORNEY** **TITLE OR RANK/CCN:** BLIC 26

0108

SEVENTEENTH JUDICIAL CIRCUIT
BROWARD COUNTY
STATE OF FLORIDA

FIRST APPEARANCE / ARREST FORM

SHOULD ADDITIONAL SPACE BE NEEDED, USE PROBABLE CAUSE AFFIDAVIT CONTINUATION.

| Orig. | Court |
|---|---|
| 2nd | State Atty. |
| 3rd | Ferry, Appr. |
| 4th | Arrestee |

| DEFENDANT'S LAST NAME: | FIRST | MIDDLE | SUF. | HGT. | WGT. | RC | SEX | D.O.B. | OFFENSE REPORT | ARRESTING OFFICER (SVC) |
|---|---|---|---|---|---|---|---|---|---|---|
| SEARS; DAVID | | | | 5'4 | 135 | A | M | 3-11-67 | 95-95287 | R.P. MART |

NAME OF VICTIM (IF CORPORATION, EXACT LEGAL NAME AND STATE OF INCORP.) · · · ADDRESS · · · PHONE #

| COUNT NO. | OFFENSES CHARGED | CITATION #, IF APPLICABLE | F.S. # OR CAPIAS/WARRA |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Before me this date personally appeared ___RICHARD P. MARTIN___ who being first duly
deposes and says that on __14__ day __JUNE__, 19_95_ at _1500 E. SUNRISE BLVD._ FT LAUDERDALE
above named defendant committed the above offenses charged and the facts showing probable cause to believe same are as follows: _BROWARD COUNTY_

A DESCRIPTION OF THE SUSPECT VEHICLE. AS WELL AS A COMPO
ITE OF THE POSSIBLE CULPRIT, ON MON. 6-13-95.
ON THIS DATE OFF. MARTIN ATTEMPTED TO CATCH THE VEHICLE
AS IT PROCEEDED EAST ON N.W. 19TH ST. BUT THE VEHICLE
TURNED OFF OF NW 19 ST. IN THE AREA OF N.W. 20 AVE. TO
15 AVE. OFF. MARTIN PUT OUT A DESCRIPTION OF THE VEHICLE,
AS WELL AS A BRIEF DESCRIPTION OF THE POSSIBLE SUSPE
· DIRECTED FLPD OFFICERS TO THE AREA OF W. SUNRISE +
15 AVE. A POMPANO P.D. DETECTIVE (DET. LACY A. CREW)
THEN OBSERVED THE VEHICLE EASTBOUND ON W. SUNRISE BL
NEAR N.W. 9TH AVE. + DIRECTED FLPD MARKED UNITS TO TH
AREA. WHEN SUFFICIANT UNITS WERE IN THE AREA A TRAFF
STOP WAS MADE AT E. SUNRISE + N.E. 15 AVE. (FLPD OFFI
S. LEDEGANG, CASTRO, PINTO-GONZALEZ, + M. MONIZ). OFFICER
MARTIN + PORIO RESPONDED TO E. SUNRISE + NE 15 AVE. AN
CHECKED THE DRIVER FOR A DRIVERS LICENSE, WHICH
CONTINUE

I swear the above statement is correct and true to the best of my knowledge and belief.

_____ R.P. MARTIN 511 _____
OFFICER/AFFIANT'S SIGNATURE     OFFICER'S NAME/CCN     PATROL
                                                        OFFICER'S DIVISION

STATE OF ___ COUNTY OF ___

0109

The foregoing instrument was acknowledged before me this __5__ day of __JUNE__, 19_95_ who is personally
known to me or who has produced (ID Type) ___ as identification and who ___ take an oath.     (SEAL OR STAMP)
(DID OR DID NOT)

_____ _____ BLUE 206
DEPUTY CLERK OF THE COURT, NOTARY PUBLIC, OR ASSISTANT STATE ATTORNEY     TITLE OR RANK/CCN

FIRST APPEARANCE/ARREST FORM

SEVENTEENTH JUDICIAL CIRCUIT
BROWARD COUNTY

Orig - Court
2nd - State Att.
3rd - Filing Ager
4th - Arresting

OBTS NO. _____

DEFENDANT'S NAME: SEARS, DAVID  5'4"  135  B/m  3-11-67  95-95287  R.P. MARTIN

NAME OF VICTIM (IF CORPORATION, EXACT LEGAL NAME AND STATE OF INCORP.) | ADDRESS | PHONE #

| COUNT NO. | OFFENSES CHARGED | CITATION #, IF APPLICABLE | F.S. # OR CAPIAS/WARRANT |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Before me this date personally appeared ___RICHARD P. MARTIN___ who being first duly
deposes and says that on __14__ day __JUNE__, 19_75_ at _1500 E. SUNRISE BLVD._ (underlined)
above named defendant committed the above offenses charged and the facts showing probable cause to believe same are as follows: _BROWARD COUNT_

THE ARRESTED SEARS HAD, BUT IT HAD A RESTRICTION FOR
WORK PURPOSES ONLY, AND THE ARRESTED HAD RELATED TO
OFF. MARTIN THAT HE WAS NOT WORKING, RATHER HE + HI
GIRLFRIEND (PASS. IN VEHICLE) CHERYL DENISE HALL WER
GOING SHOPPING.

AT THIS POINT SEARS WAS PLACED UNDER ARREST FOR VIO.
OF RESTRICTIONS ON D.L. + A TOW TRUCK WAS CALLED TO
THE SCENE. IT SHOULD ALSO BE NOTED THAT SEARS HAD
LARGE AMMOUNT OF CASH IN HIS POSSESSION + HE ALSO
HAS A PAST ARREST RECORD FOR NARCOTICS VIOLATIONS. OFF
MUNIZ WAS ON THE SCENE WITH HIS DRUG DOG KONAN, WHO
WAS THEN UTILIZED TO CONDUCT A SEARCH OF THE VEHICLE.
THE DRUG DOG LOCATED 14 GMS OF COCAINE UNDER THE
DASH OF THE VEHICLE. THE DRUG DOG ALSO "HIT" ON THE
CASH THAT SEARS + HALL HAD IN THEIR POSSESSION. THE
VEHICLE WAS THEN TOWED TO F.L.P.D. CONFISCATION.

CONTINUED

I swear the above statement is correct and true to the best of my knowledge and belief.

____(signature)____ | K.P. MARTIN 511 | PATROL
OFFICER/AFFIANT'S SIGNATURE | OFFICER'S NAME/CCN | OFFICER'S DIVISION

STATE OF _____ COUNTY OF _____

0110

The foregoing instrument was acknowledged before me this _2_ day of __JUNE__, 19_85_, who is personally
known to me or who has produced (ID Type) __ as identification and who ____(DID OR DID NOT)____ take an oath.
Police Zat

(SEAL OR STAMP;

DEPUTY CLERK OF THE COURT, NOTARY PUBLIC OR ASSISTANT STATE ATTORNEY | TITLE OR RANK/CCN

FIRST APPEARANCE/ARREST FORM

SEVENTEENTH JUDICAL CIRCUIT
BROWARD COUNTY

Orig - Court
2nd - State Atty
3rd - Filing Atty
4th - Arresting

SEARS, DAVID          5'4" 135 B m B-11-67 95-95287 R.P. MARTIN 5

NAME OF VICTIM (IF CORPORATION, EXACT LEGAL NAME AND STATE OF INCORP.)          ADDRESS          PHONE #

| COUNT NO. | OFFENSES CHARGED | CITATION #, IF APPLICABLE | F.S. # OR CAPIAS/WARRANT # |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Before me this date personally appeared ___RICHARD P. MARTIN___ who being first duly swo
deposes and says that on __14__ day __JUNE__, 19_95_ 1500 E. SUNRISE BLVD. F (crime location) in
above named defendant committed the above offenses charged and the facts showing probable cause to believe same are as follows. BROWARD COUNTY

THE NARCOTICS WAS VALTOX TESTED BY OFF. MONIZ + SHOWED

POSITIVE FOR COCAINE. THE NARCOTICS + CASH WAS PLACED

INTO EVIDENCE BY OFF. MONIZ.

DET. PARR + DET. O'NEAL ALSO RESPONDED TO E. SUNRISE +

IS AVE. + REQUESTED THAT BOTH SEARS + HALL BE BROUGHT

TO BSO HEADQUARTERS SO THEY COULD FURTHER THEIR IN-

VESTIGATION OF THEIR HOMICIDE.

AT THIS POINT SEARS HAD BEEN CHARGED WITH VIO. OF RES

ON HIS D.L. + ALSO POSS. OF COCAINE, AND HALL WAS CHARG-

ED WITH POSS. OF COCAINE, WHICH OFF. MONIZ WAS INITIA-

TING.

I swear the above statement is correct and true to the best of my knowledge and belief

OFFICER/AFFIANT'S SIGNATURE          R.P. MARTIN 511          PATROL
                                      OFFICER'S NAME/CCN          OFFICER'S DIVISION

STATE OF          COUNTY OF

0111

The foregoing instrument was acknowledged before me this __16__ day of __JUNE__, 19_95_, who is personally
known to me or who has produced (ID Type) _____ as identification and who _____ take an oath.
(DID OR DID NOT)          POLICE    Sol          (SEAL OR STAMP)

DEPUTY CLERK OF THE COURT, NOTARY PUBLIC OR ASSISTANT STATE ATTORNEY          TITLE OR RANK/CCN
                    FIRST APPEARANCE/ARREST FORM          Orig - Court
                                                          2nd   State Atty
                                                          3rd   Filing Agency
SEVENTEENTH JUDICAL CIRCUIT                               4th   Arresting Agcy
BROWARD COUNTY

EXHIBIT 2

PERSONNEL DIVISION HANDBOOK



EXHIBIT
Plaintiffs
11-21-00 mo

## SECURITY CLEARANCE PROCEDURE

I        Purpose: To ensure that a security background check is done on all
individuals (see III below). who will be in direct contact with the children
of The Broward County School System.

II       Check for Sexual Predator, Deadbeat Parent, and State Termination:
The Broward Security Clearance Office shall check latest list of sexual
predators, deadbeat parents, EPC/PPS records, and the list of persons on
the Florida list of terminated employees before giving security clearance.

III      All applicants for employment, all employees of outside vendors, all
mentors who come in direct contact with children, all education students
prior to their field experience and student teaching, and all employees
who become inactive for ninety (90) or more days in TAPS must be
fingerprinted and pay a $50.00 fee.

IV      Procedure:

A.    When individuals in the above categories appear for processing at
the Employment Center, they must complete a Security Background
Information Form and allow their fingerprints to be taken.

B.    A local check is done through the Broward Sheriff's Department
Docketrac computer system. If no record surfaces, the individual is
cleared and the fingerprints are then sent to FDLE. If a record is
found at the state level, the record is returned to security clearance
office for appropriate action. If no state record is disclosed, the
fingerprints are forwarded to FBI. If no record is discovered by the
FBI, original fingerprint card is returned to Broward and kept on file.
If a record is found, the individual's file is given to the appropriate
administrator: Director of Non-Instructional Staffing or Director of
Instructional Staffing.

C.    Individuals with records: The case is reviewed by the appropriate
staffing director: if other than a minor traffic offense, the individual
is asked to provide explanation, police records and court documents
verifying disposition regardless of whether adjudication was
withheld, sealed or expunged.

1. If an individual provides documentation of a criminal
incident (identified in #I Personnel Hiring Guidelines)
regardless of whether adjudication was withheld, such
individual shall not be employed.

V.       Appeals Process:

Applicants who have been denied employment because of criminal
incident(s) may appeal the decision of the Security Clearance
Committee ~~may be appealed in~~ by writing to the ~~Associate
Superintendent for District Administration~~ Director, Personnel &
Benefits. Such written appeal shall be considered only if the
applicant provides new information that was not previously
available to the Security Clearance Committee.

Document Preparation Date: July 1, 1996
Revision date: ~~November 20, 1998~~ December XX, 1999
Contact Persons: Gracie M. Diaz, Bill Tegtman
Appendix: Security Background Check Form, Personnel Hiring Guidelines
Authority: Fl Statute 231-02, 435.04
          Board Policy #4002-A, B

**EXHIBIT 3**

**School Board of Broward County, Florida**
**Personnel Hiring Guidelines**

Criminal Records Including Guilty Pleas (Regardless of Adjudication),
No Contest Pleas, Pre-trial Intervention/Diversion
This is not intended to be a complete list of all disqualifying criminal offenses.

## I. Will Not Hire

- Extreme Violence (Aggravated Assault/Aggravated Battery, Murder, Attempted Murder)
- Sexual Offense (Lewd & Lascivious-Sexual Battery, Rape, Sex With A Minor)
- Kidnapping
- False Imprisonment
- Child Abuse
- Arson
- Pornography
- Extortion
- Manslaughter (Including Vehicular Homicide/Involuntary)
- Indecent Exposure If Sexual In Nature
- Currently on probation or has a case pending

## II. Will Not Hire - If Offense Less Than 10 Years Old.     Will Consider And Carefully Review If Older Than 10 years.

- Felony Drug Use
- Grand Theft / Robbery
- Burglary
- Felony Battery/Assault
- Felony Possession of a Concealed Weapon
- Welfare/Unemployment Fraud
- Forgery
- Prostitution or Solicitation of Prostitution
- Grand Larceny
- Other Felonies Not Mentioned in Section I

## III. Will Not Hire - If Offense Is Less Than 5 Years Old.     Will Consider And Carefully Review If Older Than 5 Years.

- Multiple DUI's
- Misdemeanor Drug and/or Paraphernalia
- Possession of Concealed Weapon - Misdemeanor
- Battery/Assault
- Resisting Arrest With Violence
- Domestic Violence

## IV. Judgment - Case By Case Review

- DUI - One Incident Only
- Sale of Alcohol to Minor
- Worthless Checks
- Disorderly Conduct
- Multiple Criminal Offenses
- Petty Theft (Theft to Deprive/Retail Theft/Shoplifting)
- Loitering
- Trespassing
- Arrest With Out Violence
- Larceny
- Other criminal offenses



EXHIBIT
Plaintiff's
1
11-21-00

12/10/99

0055

**EXHIBIT B**

To :            Whom it may concern,

From :          Cora Walls

Date:           November 30, 2000

Re:             Two-Year Temporary Certificate


I, Cora Walls has worked under a two-year temporary certificate from 1996-1998. Once
it expired I was re- issued another two-year temp. from 1998-2000. Due to an
extension given to me for incompleted course work needed. As part of the State of
Florida requirements I needed to complete two classes, and the Clast Exam in order
for me to receive my five year professional certificate. Which wasn't complete at the
time and that's why I receive an extension.


                                            Sincerely,

                                            Cora Walls

State of Florida
County of Broward

Sworn to or affirmed and signed before me on this 30th
day of November, 2000.                    Laticia S Harvey

★ personally known.

LATICIA S. HARVEY
MY COMMISSION # CC 772041
EXPIRES: August 31, 2002
Bonded Thru Notary Public Underwriters

To Whom It May Concern:

This letter in reference to Mrs. Cheryl Sears, I have known Mrs. Sears for the last ten years. She is of good character to the community at large and the educational system. I am presently teaching in the Broward County School System and this is my second time receiving a two-year temporary teaching certificate coming from the State of Florida Teaching Department. Therefore, it is possible for Mrs. Sears to receive a two-year temporary certificate after being out of the system for one consecutive year.

If you have any questions, please feel free at anytime to contact me at (954) 978-6371 home or (954) 895-2289 cell.

Sincerely,

Pamela Phoenix
Commission # CC 894767
Expires Jan. 22, 2004
Bonded Thru
Atlantic Bonding Co., Inc.

Barbara H. Atkins