UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6017-CIV-DIMITROULEAS/SELTZER

CHERL SEARS,                                    )
                                                )
            Plaintiff,                          )
                                                )
v.                                              )
                                                )
THE SCHOOL BOARD OF BROWARD                     )
COUNTY, FLORIDA,                                )
                                                )
            Defendant.                          )
_____)

NIGHT BOX
FILED
DEC 2 1 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, through its counsel, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., moves the Court for the immediate entry of summary judgment in its favor on the grounds that no material facts are in dispute and Defendant is therefore entitled to judgment as a matter of law. Defendant further states as follows:

1.      This is an action arising out of the School Board's decision to withdraw Plaintiff Cherl Sears' authorization to work for the School Board as a substitute teacher during the 1998-99 school year, and its denial of her application for a full-time, permanent teaching position (for which she lacked the minimum qualifications) during that same school year. It is undisputed that the School Board took these actions based upon the results of a criminal background check required by

Florida law and Plaintiff's less-than-candid disclosure that she had been arrested and charged with felony possession of crack cocaine in July, 1996. It is also undisputed that Plaintiff pled "nolo contendre" to that felony charge, and that the criminal charge was dismissed without adjudication after Plaintiff completed a pre-trial intervention program. It is also undisputed that, in any event, Plaintiff did not possess a temporary Florida teaching certificate, which was an absolute prerequisite to her employment as a full-time instructor during the 1998-99 school year.

2.      Initially, Defendant is entitled to summary judgment as a matter of law on all Counts of Plaintiff's five-Count Second Amended Complaint ("Complaint"), in which she asserts a constitutionally protected entitlement in being hired by the School Board as a full-time teacher. Specifically, it is undisputed that Plaintiff lacked the requisite Florida Teaching Certificate and, therefore, could not have been hired as a full-time teacher at the time she applied for such employment. As such, Plaintiff has suffered no injury in fact and therefore lacks standing to contest the denial of her application for a full-time teaching position for the 1998-99 school year.

3.      Additionally, Defendant is entitled to summary judgment as a matter of law on all Counts in the Complaint because Plaintiff has failed to bring those claims through the proper enabling statute. Indeed, neither the Fourteenth Amendment to the United States Constitution nor Article I, Section 9, of the Florida Constitution are self-executing and, hence, a failure to bring such claims through an enabling statute is fatal.

4.      Even if Plaintiff's claims had been properly pled (which they have not), Defendant is still entitled to summary judgment on all Counts on the merits. First, in Count I, Plaintiff alleges that she had some undefined "property interest" in continued employment with the School Board and

-2-

that, by refusing to allow her to continue to work as a substitute teacher and denying her application

to become a full-time instructional staff member, the School Board deprived her of that property

interest without due process of law in violation of the Due Process Clause of the United States

Constitution and Article I, Section 9, of the Florida Constitution. Plaintiff further alleges that the

School Board has deprived her of an undefined property interest in that it has refused to reinstate her

authorization to work as a substitute teacher and has barred her from future employment. Defendant

is entitled to judgment in its favor on Count I of the Complaint because Plaintiff had no property

interest in any employment position (as either a substitute teacher or an applicant for a full time

teaching position) with the School Board. Moreover, even if Plaintiff had a constitutionally

cognizable property interest (which she did not), the undisputed facts establish that she was afforded

the minimum requirements of due process of law. Plaintiff was given notice of the charges against

her, an opportunity to present "her side of the story" and a right to appeal, which she exercised, albeit

without success. Finally, Plaintiff admits in her own Complaint that she was never permanently

barred from employment with the School District, and any subsequent failure to become re-employed

with the School Board was due to her own inaction. [See Complaint at ¶ 13 wherein Plaintiff admits

that she was invited to reapply for employment the following school year]

     5.     In Count II, Plaintiff asserts that the School Board has a "de facto" rule and/or

practice whereby it allegedly dismisses employees who have merely been charged with (but not

convicted of) criminal offenses, and that such a practice violates the substantive component of the

Due Process Clause of the United States Constitution and Article I, Section 9, of the Florida

Constitution, because it is not a rational means of advancing a legitimate governmental interest.  In Count IV, Plaintiff makes the same Due Process claim but seeks to predicate it upon an alleged "de facto" rule an/or practice that excludes applicants with arrest records from future employment with the School Board.  Both Counts II and IV fail, however, because Plaintiff has no constitutionally protected interest in employment with the School Board.  Hence, Defendant is entitled to immediate judgment as a matter of law in its favor on those Counts as well.

6.    In Count III, Plaintiff alleges that the School Board has a "de facto" rule and/or practice whereby it allegedly dismisses employees who have merely been charged with (but not convicted of) criminal offenses, and that such a practice allegedly violates the Equal Protection Clause of the United States Constitution because it is not a rational means of advancing a legitimate governmental interest.  In Count V, Plaintiff attempts to assert the same Equal Protection claim based upon an alleged "de facto" rule and/or practice that excludes applicants with arrest records (a non-suspect classification) from future employment with the School Board.  Counts II through V of the Complaint are fatally defective, however, because Plaintiff has not met (and cannot meet) her burden of proof in establishing any "de facto" unconstitutional rule or practice of the School Board. In any event, the School Board's employment decisions with respect to Plaintiff were rationally related to a legitimate governmental purpose of protecting the health and safety of school children as recognized and required by Chapter 435, Florida Statutes.

WHEREFORE, Defendant respectfully requests that its motion be granted and that summary judgment be entered in its favor on all Counts of the Second Amended Complaint.  Defendant further

-4-

requests an award of its costs, including reasonable attorney's fees, incurred in defense of this

meritless action.

Suite 3600
First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2338
(305) 358-5500 (Miami-Dade)
(954) 522-0393 (Broward)
(305) 379-3802 (Fax)

MULLER, MINTZ, KORNREICH, CALDWELL,
CASEY, CROSLAND & BRAMNICK, P.A.

By
Gordon D. Rogers
grogers@mullermintz.com
Florida Bar No. 240168

By
Debra M. Lubkin
dlubkin@mullermintz.com
Florida Bar No. 0992161

By
Leslie Miller Tomczak
ltomczak@mullermintz.com
Florida Bar No. 0126489
Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document has been furnished to Mark J. Berkowitz,

Esquire, Mark J. Berkowitz, P.A., Counsel for Plaintiff, Suite 200N, 524 South Andrews Avenue,

Fort Lauderdale, Florida 33301, by Certified Return Receipt Mail, Receipt No. 7000 0520 0018

3409 1125 this 21st day of December, 2000.

Leslie Miller Tomczak

-5-