UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6017-CIV-DIMITROULEAS/SELTZER

| | |
|---|---|
| CHERL SEARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE SCHOOL BOARD OF BROWARD | ) |
| COUNTY, FLORIDA, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, the SCHOOL BOARD OF BROWARD COUNTY, FLORIDA ("School Board"), through its counsel, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., files this Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, and in support thereof, states:

### PRELIMINARY STATEMENT[1]

This is an action arising out of the School Board's decision to reject Plaintiff Cherl Sears' application for employment as a regular full-time elementary school teacher during the 1998-1999 school year based, inter alia, upon the results of a criminal background check. Plaintiff's authorization to work for the School Board as a elementary school substitute teacher was also revoked at that time. [Facts ¶ 10] It is undisputed that the School Board took these actions based upon Plaintiff's less than candid disclosure that she had been arrested and criminally charged with felony possession of crack cocaine, pled "nolo contendre" to that felony charge, and thereafter completed a pre-trial intervention program. [Facts ¶¶ 8-10]

---

[1] In support of this Memorandum, the School Board has filed concurrently herewith a Concise Statement of Undisputed Material Facts, cited herein as "[Facts ¶__]."



It is also undisputed that, in any event, Plaintiff was not qualified and could not lawfully have been hired for a full-time, permanent teaching position because she did not have, nor was she eligible for, a Florida teaching certificate. [Facts ¶¶ 4-6]

In her Motion for Summary Judgment, Plaintiff contends that the School Board's decisions in this regard were arbitrary and capricious and, hence, violated "fundamental due process considerations." As the undisputed material facts and controlling case law establish however, the School Board's employment decisions with respect to Plaintiff were rationally related to a legitimate government interest and, therefore, Plaintiff's due process rights were not violated. Accordingly, Plaintiff's motion for summary judgment should be denied and, instead, summary judgment should be entered in favor of the School Board on all claims.

## ARGUMENT AND CITATION OF AUTHORITY

### POINT I

PLAINTIFF'S DUE PROCESS CLAIMS FAIL BECAUSE THOSE CLAIMS HAVE NOT BEEN BROUGHT THROUGH THE PROPER REMEDIAL PROVISION AND BECAUSE THE SCHOOL BOARD'S EMPLOYMENT DECISIONS WITH RESPECT TO PLAINTIFF DO NOT WARRANT EITHER PROCEDURAL OR SUBSTANTIVE DUE PROCESS PROTECTION.[2]

In her motion, Plaintiff asserts that the School Board has violated "fundamental due process considerations" by implementing certain hiring policies which affect applicants for full-time and substitute teaching positions who have been charged with criminal (felony) offenses. As established in Defendant's Motion for Summary Judgment, however, Plaintiff's due process claims fail because she has not brought them through the appropriate remedial statute (i.e., 42 U.S.C. § 1983). See, e.g., Azul-Pacifico, Inc. v. City

---

[2] The School Board refers the Court to the School Board's Memorandum of Law filed in support of its own Motion for Summary Judgment, wherein the arguments raised below are more fully addressed.

-2-

of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992), cert. denied, 113 S. Ct. 1049 (1993). Further, Plaintiff had no constitutionally protected property interest in continued employment with the School Board as a substitute teacher and, hence, was not entitled to procedural due process. Specifically, Plaintiff was an at-will employee with no tenure and no contractual right to continued employment.[3] See, e.g., Jones v. Houston Indep. Sch. Dist., 805 F. supp. 476, 477 (S.D. Tex. 1991), aff'd, 979 F.2d 1004 (5th Cir. 1992)(holding that a substitute teacher had no property interest in continued employment).[4]

With respect to her application for a full-time elementary school teaching position, Plaintiff's claims fail as a matter of law as she was not qualified for such a position. Specifically, Plaintiff lacked the requisite Florida teaching certificate and could not, in any event, have been employed by the School Board as a full-time teacher irrespective of the results of her criminal background check. [Facts ¶¶ 4, 6] See, e.g., Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1062 (11th Cir. 1994).

Finally, as clearly established by the Eleventh Circuit in McKinney v. Pate, 20 F.3d 1550, 1560-61 (11th Cir. 1994)(en banc), cert. denied, 115 S. Ct. 898 (1995), the School Board's employment decisions with respect to Plaintiff did not involve any fundamental right and thus did not warrant any form of substantive due process protection. Thus, Plaintiff's Motion for Summary Judgment must be denied as a matter of law.

---

[3] It is wholly undisputed that, at the outset of her employment with the School Board as a substitute teacher, Plaintiff signed a Memorandum of Understanding in which she specifically acknowledged that she should not expect and was not guaranteed regular employment as a substitute. [Facts ¶ 2]

[4] In any event, although she was not constitutionally entitled to it, it is undisputed that Plaintiff was provided due process in that she was informed of the decision of the Security Clearance Committee and the basis for it, and was also informed that she could appeal that decision -- which she did. Plaintiff also could have appealed to the Superintendent and/or the School Board, but did not take such action. [Facts ¶¶ 10, 14] Instead, she filed the instant lawsuit. Plaintiff additionally had the option of applying for an exemption from disqualification from employment pursuant to Chapter 435, Florida Statutes. See Fla. Stat. §§ 435.04, 435.06, 435.07.

-3-

POINT II

PLAINTIFF'S DUE PROCESS CLAIMS FAIL AS A MATTER OF LAW BECAUSE THE SCHOOL BOARD'S HIRING POLICIES ARE RATIONALLY RELATED TO A LEGITIMATE GOVERNMENTAL INTEREST.

In addition to the arguments set forth in Point I above, Plaintiff's Motion for Summary Judgment fails on the merits because the School Board's hiring policies with respect to both regular full-time and substitute teachers are rationally related to the undisputably legitimate governmental interest of providing a safe and secure environment for the school children entrusted to its care. [Facts ¶ 7] This governmental interest has been recognized and codified in Section 435.06(1), Florida Statutes, which mandates as follows:

> (1) When an employer or licensing agency has reasonable cause to believe that grounds exist for the denial or termination of employment of any employee as a result of background screening, it shall notify the employee in writing, stating the specific record which indicates noncompliance with the standards in this section. It shall be the responsibility of the affected employee to contest his or her disqualification or to request exemption from disqualification. The only basis for contesting the disqualification shall be proof of mistaken identity.

In this case, Plaintiff does not deny that she was arrested in 1995 for felony possession of crack cocaine. She instead asserts that, in spite of that felony narcotics arrest and her subsequent plea agreement, the School Board arbitrarily and unreasonably denied her public employment by rejecting her application for a full-time teaching position and withdrawing her authorization to work as a substitute teacher. In this Circuit, however, public employment is not a fundamental right. See McKinney, 20 F.3d at 1560-61. Further, Plaintiff has not alleged (nor can she) that persons who enter into plea agreements after being charged with felony narcotics possession are members of any constitutionally protected class. Where, as here, a challenged government action does not implicate a fundamental right and the challenger does not fall within a constitutionally protected class, no heightened level of scrutiny applies. Williams v. Pryor,

2000 WL 1513756, at *2 (11th Cir. Oct. 12, 2000); Turner v. Glickman, 207 F.3d 419, 424 (7th Cir. 2000); Hilliard v. Ferguson, 30 F.3d 649, 652 (5th Cir. 1994); Hill v. Gill, 703 F. Supp. 1034, 1037 (D.R.I. 1989), aff'd, 893 F.2d 1325 (1st Cir. 1989).[5] Instead, the contested action need only be rationally related to a legitimate governmental interest in order to survive judicial scrutiny. Turner, 207 F.3d at 424; Herrera-Inirio v. I.N.S., 208 F.3d 299, 309 (1st Cir. 2000). The burden is on Plaintiff to show "a patently arbitrary classification, utterly lacking in rational justification." Turner, 207 F.3d at 426 (quoting Flemming v. Nestor, 363 U.S. 603, 611 (1960)). See also Heller v. Doe, 509 U.S. 312, 319 (1993)(holding that "a classification must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.").

In Williams, although not factually similar to the instant case, the Eleventh Circuit set out generally the standard of review when applying the rational basis test. The Court stated that "[r]ational basis scrutiny is a highly deferential standard that proscribes only the very outer limits of a legislature's power. A statute is constitutional under rational basis scrutiny so long as 'there is *any reasonably conceivable state of facts that could provide a rational basis for the*' statute." 2000 WL 1513756, at *3 [emphasis in original]. Quoting the Supreme Court in FCC v. Beach Communications, Inc., 508 U.S. 307, 313-15 (1993), the Eleventh Circuit explained that:

> 'Where there are plausible reasons for Congress' action, our inquiry is at an end. This standard of review is a paradigm of judicial restraint.... On rational-basis review, ... a statute ... comes to us bearing a strong presumption of validity, and those attacking the rationality of the [statute] have the burden to *negative every conceivable basis which might support it*. Moreover, because we never require a legislature to articulate its reasons for enacting a statute, it is entirely irrelevant for constitutional purposes

---

[5] Heightened scrutiny would place the burden on the School Board to demonstrate that the government action was narrowly tailored or necessary to further a compelling state interest, i.e., that the legislation at issue is precisely drawn. See, e.g., Bartnicki v. Vopper, 200 F.3d 109, 121 (3rd Cir. 1999).

> whether the conceived reason ... actually motivated the legislature ... In other words, a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data. Only by faithful adherence to this guiding principle of judicial review of legislation is it possible to preserve to the legislative branch its rightful independence and its ability to function.'

Id. [emphasis in original]. The court in Williams further noted that "'the legislature must be allowed leeway to approach a perceived problem incrementally,' even if its incremental approach is significantly over-inclusive or under-inclusive. Only in an exceptional circumstance will a statute not be rationally related to a legitimate government interest and be found unconstitutional under rational basis scrutiny." Id. (internal citations omitted).

In Hilliard v. Ferguson, the plaintiff, a convicted felon, applied for a position with the defendant school board. At the time of application, the plaintiff was provided a pamphlet explaining the application process and stating that felony convictions would automatically eliminate an applicant from consideration. 30 F.3d at 651. The plaintiff therefore brought suit under 42 U.S.C. § 1983, asserting that the school board's policy excluding from consideration any convicted felons violated his Fourteenth Amendment rights. Id. at 652.

On summary judgment, the undisputed facts showed that the automatic exclusion language in the pamphlet was in error, and that the actual school board policy provided that:

> An applicant must be of good character. If he/she has any prior record of arrest or conviction by any local, state, or federal law enforcement agency for an offense other than a minor traffic violation, the facts must be reviewed by the Superintendent and his/her staff who shall decide whether the applicant shall be declared eligible for appointment.

Id. at 651, 652 n.7. In other words, the school board required a case-by-case examination into the circumstances of each conviction, after which eligibility for employment would be determined. Id. at 652. Based upon the undisputed facts, the lower court entered summary judgment in favor of the defendant

school board. The appellate court affirmed. Id. at 650. In so doing, the Hilliard court applied a rational basis test rather than heightened scrutiny, as it found that "the right to hold public employment is not a recognized fundamental right, and convicted felons are not a constitutionally protected suspect class." Id. at 652 (internal quotation marks and citations omitted). The court thus held that the defendant school board's policy "easily satisfies [the] minimal threshold" of bearing "a rational relationship to a legitimate end." Id. (internal quotation marks and citations omitted). The court in Hilliard reasoned that:

> Looking a little deeper into a convicted felon's background and, in particular, at the circumstances of the conviction is rationally related to serve the legitimate interest in protecting the schoolchildren within the teacher's proximity and care. We would expect nothing less. The policy serves to ensure that the highest degree possible of educational services will be provided to the children of Orleans Parish within a safe and secure environment.

Id.

In Hill v. Gill, certain school bus drivers brought an action challenging a state regulation prohibiting convicted felons from operating school buses, claiming that the regulation violated their equal protection and due process rights. The main plaintiff in Hill had pled nolo contendre to felony charges of possession of narcotic drugs, maintenance of a narcotics nuisance, and larceny, for which she completed three years of probation. Subsequently, her license to operate a school bus was canceled. 703 F. Supp. at 1035, 1036. The plaintiff argued that the regulation as applied to her violated equal protection principles because there was no demonstrable connection between an individual's prior felony conviction and his or her fitness to operate a school bus. The plaintiff in Hill further argued that the regulations deprived her of substantive due process by failing to afford convicted felons an opportunity to rebut the presumption that they are unqualified to operate school buses. Id. at 1037.

In addressing the merits of the case, the court in Hill initially determined that

> it is clear that the class in question (i.e. persons convicted of felonies) is not a protected one. It is equally clear that public employment is not a

> fundamental right. Therefore, the applicable standard is the rational basis test. In determining whether that test has been satisfied, the challenged regulation is presumed to be constitutional and the plaintiff bears the burden of proving that it is not (i.e. that it bears no rational relationship to a legitimate state interest).

Id. (internal citations omitted). The court then held that "there is no question that the regulation in question passes the test with flying colors." The court reasoned that:

> It is difficult to imagine a more legitimate state interest than that of protecting vulnerable and impressionable school-age children from the possibility of either physical harm or immoral influences. Nor can there be any doubt that the selection of school bus drivers directly impacts upon that interest. While being transported to school, children are physically confined in the bus which constitutes a closed environment largely controlled by the only adult present, the operator. In effect, they are totally entrusted to the care of the operator. Their welfare depends not only on the operator's driving skills, but also on his or her good judgment and moral character.

Id. The Hill court then concluded that the only issue before it on the plaintiff's equal protection claim was "whether DOT could rationally conclude that convicted felons, as a class, may be lacking in those qualities." Id. The court held that the classification was not irrational. Id. at 1038. In so holding, the court noted that the law in its circuit recognized a state's right to disqualify convicted felons, as a class, from employment in positions of public trust. The court further noted that "'[w]hen the legislature declares that whoever has violated the criminal laws of the State shall be deemed lacking in good moral character it is not laying down an arbitrary or fanciful rule -- one having no relation to the subject matter, but is only appealing to a well recognized fact of human experience....'" Id. (quoting Hawker v. New York, 170 U.S. 189, 196 (1898)).

As to the substantive due process claim, the plaintiff argued that the regulation was invalid because it did not provide a mechanism for her to demonstrate that, unlike convicted felons generally, she was qualified for the position. Id. The court held, however, that

> [u]nder the rational basis analysis, the test of a regulation's validity is not whether it applies only to those persons who, in fact, are the sources of the problem at which legislation is directed. Rather, the test is whether the legislative body rationally could have concluded both that the classification would achieve its intended purpose and that '...the expense and other difficulties of individual determinations justified the inherent imprecision of a prophylactic rule.'

Id. at 1039 (quoting Weinberger v. Salfi, 422 U.S. 749, 778 (1975))(emphasis added). Cf. Knox County Educ. Ass'n v. Knox County Bd. of Educ., 158 F.3d 361, 384 (6th Cir. 1998), cert. denied, 120 S. Ct. 46 (1999)(recognizing, in a fundamental rights case, that "the public interest in attempting to ensure that schoolteachers perform their jobs unimpaired is evident, considering their unique in loco parentis obligations and their immense influence over students.").

In the instant case, as in Hilliard and Hill, the School Board is obligated to ensure the safety and welfare of the schoolchildren entrusted to its care. To meet this obligation, the School Board has enacted specific policies requiring that the Security Clearance Committee conduct an additional review of those applicants for teaching positions who have been charged with criminal offenses. [Facts ¶ 7] The Security Clearance Committee reviews each applicant on a case-by-case basis to determine employability. [Facts ¶ 13] All decisions by the Security Clearance Committee are appealable -- first to the Security Clearance Committee itself through the Associate Superintendent of District Administration and then to the Superintendent and/or School Board. [Facts ¶¶ 10, 14] Based upon these undisputed material facts, Plaintiff's Summary Judgment Motion is clearly without merit.

Further, the cases relied upon by Plaintiff in support of her motion are clearly inapposite, as the majority of them involve fundamental rights and, hence, apply a heightened scrutiny analysis as opposed to the rational basis test applicable to the instant case. See Slochower v. Board of Educ., 350 U.S. 551 (1956)(invoking fundamental property right); NAACP v. Button, 371 U.S. 415 (1963)(invoking First Amendment rights); Shapiro v. Thompson, 394 U.S. 618 (1969)(invoking constitutional right to travel);

Cleveland Bd. of Educ. v. LeFleur, 414 U.S. 632 (1974)(invoking fundamental liberty interest); Shelton v. Tucker, 364 U.S. 479 (1960)(invoking right of free association); Lindquist v. City of Coral Gables, 323 F. Supp. 1161 (S.D. Fla. 1971)(invoking personal liberty rights).[6]

Similarly, Plaintiff's reliance on Thompson v. Gallagher, 489 F.2d 443 (5th Cir. 1973), is also misplaced. Specifically, Thompson is not controlling because it was an "automatic exclusion" case with no case-by-case consideration of the merits of each applicant's circumstances and, apparently, no appeal process. As the undisputed material facts establish in the case sub judice, Plaintiff was not automatically excluded from employment with the School Board. Rather, the Security Clearance Committee reviewed the merits of Plaintiff's application and, after weighing various factors, determined that she was not employable at that time as either a substitute or a full-time teacher. [Facts ¶¶ 10-12][7] Plaintiff appealed that decision to the Associate Superintendent of District Administration, and could also have appealed to the Superintendent and/or the School Board. [Facts ¶ 14] In addition, Plaintiff admits in her deposition

---

6 Lindquist involved fire department guidelines prohibiting sideburns in order to promote "uniformity, neatness and style." Safety was never asserted as a justification. The court thus concluded that the guidelines were irrational because no relationship had been shown between sideburns and the proper functioning of the fire department. In so ruling, however, the court implied that safety might be a sufficiently compelling government interest to allow the defendant to regulate the length of an employee's hair. 323 F. Supp. at 1162, 1164. Thus, Lindquist actually provides support for the School Board's employment decisions with respect to Plaintiff, which were premised upon a concern for the safety of the schoolchildren. In any event, Lindquist has no precedential value in view of the Supreme Court's subsequent decision in Kelley v. Johnson, 425 U.S. 238, 248-49 (1976), in which it held that a county grooming regulation for the male members of its police force, enacted to "have its uniformed police exhibit a similarity of appearance," was sufficiently rational to defeat a Fourteenth Amendment liberty claim, regardless of whether the justification for the regulation was "to make police officers readily recognizable to the public or to foster the 'espirit de corps' that similarity of garb and appearance may inculcate within the police force itself."

7 Section 435.07(1)(a), Florida Statutes, permitted Plaintiff to seek an exemption from the Florida Department of Education for any felony "committed more than three years prior to the date of disqualification." Plaintiff's burden in seeking such an exemption under Section 435.07(3) would be to show, inter alia, "sufficient evidence of rehabilitation."

testimony that she was invited to re-apply for the following school year -- which she never did. [Facts ¶ 11] Thus, the specific facts of the instant case clearly distinguish it from Thompson. In any event, the Fifth Circuit's holding in Thompson (which, pursuant to Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc), has precedential value in the Eleventh Circuit) is suspect in light of the Eleventh Circuit's more recent en banc ruling in McKinney.[8]

### POINT III

### FOR THE SAME REASONS THAT PLAINTIFF'S DUE PROCESS CLAIMS FAIL, PLAINTIFF'S EQUAL PROTECTION CLAIMS FAIL AS WELL.

In Plaintiff's motion, it is unclear whether Plaintiff is seeking summary judgment on those claims predicated upon the Equal Protection Clause of the Fourteenth Amendment. Nevertheless, for the same reasons that Plaintiff's Due Process claims fail as a matter of law, so do Plaintiff's Equal Protection claims. See, e.g., Turner v. Glickman, 207 F.3d 419, 427 (7th Cir. 2000). First, as with her Due Process claims, Plaintiff has failed to bring her Equal Protection claims through the appropriate remedial statute. Second, as to the rejection of her application for a full-time teaching position, Plaintiff was not qualified for such a position due to her lack of certification. [Facts ¶ 6] Thus, even had she passed the Security Clearance Committee's review, she could not have been hired as a full-time teacher in any event. Finally, applying the rational basis test, Plaintiff has failed to show that the School Board's decisions to reject her application for full-time employment and to withdraw her authorization to work as a substitute elementary teacher, based upon her felony narcotics arrest, subsequent plea agreement, and lack of candor, were not rationally

---

[8] Further, in her motion, Plaintiff contends that "statutes affecting constitutional rights must be drawn with precision and must be narrowly tailored to serve legitimate government objectives." In making this argument, however, Plaintiff has erroneously applied the heightened scrutiny test rather than the rational basis test. Hence, her argument fails as a matter of law.

-11-

related to any legitimate state interest, including that of ensuring a safe environment for the schoolchildren within its care and custody.[9]

CONCLUSION

Based upon the undisputed material facts and pertinent case law, Plaintiff has clearly failed to meet her burden on summary judgment of establishing that the School Board's policies as applied to Plaintiff bear no rational relationship to any legitimate state interest. Hence, Plaintiff's Motion for Summary Judgment must be denied. Instead, as established by the School Board's Motion, it is entitled to the immediate entry of summary judgment in its favor on all claims asserted by the Plaintiff herein.

Suite 3600
First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2338
(305) 358-5500 (Miami-Dade)
(954) 522-0393 (Broward)
(305) 379-3802 (Fax)

MULLER, MINTZ, KORNREICH, CALDWELL, CASEY, CROSLAND & BRAMNICK, P.A.

By _Debra M. Lubkin_
Gordon D. Rogers
grogers@mullermintz.com
Florida Bar No. 240168

By _Debra M. Lubkin_
Debra M. Lubkin
dlubkin@mullermintz.com
Florida Bar No. 0992161
Counsel for Defendant

---

[9] As established under Point II above, Plaintiff cannot show the violation of any fundamental right and she is not a member of a suspect or protected classification. Hence, like her Due Process claims, Plaintiff's Equal Protection claims can only be resolved by applying the rational basis test. See, e.g., Hill, 703 F. Supp. at 1037.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document has been furnished to Mark J. Berkowitz, Esquire, Mark J. Berkowitz, P.A., Counsel for Plaintiff, Suite 200N, 524 South Andrews Avenue, Fort Lauderdale, Florida 33301, by mail, this 12 day of January, 2001.

*Debra M. Lubkin*

Debra M. Lubkin